PRUTSMAN and others vs. BAKER.

*Deed — Escrow.*

1. The placing of a deed in the hands of a third person, to be delivered to the grantee upon the happening of a specified event, (whether one which *must* or one which only *may* happen), is not in law a *delivery* such as will make the deed effectual to pass title in case such deed does not pass absolutely *out of the grantor's control*, but is subject to be recalled by him until the specified event happens.

2. Thus, when one had executed a deed of land in due form and placed it in the hands of a third party, with instructions, in case of his (the grantor's) death, to have it recorded and delivered to the grantee, but to retain it subject to the grantor's control until his death, and the bailee in fact held the deed until after the grantor's death, and then had it recorded and transferred to the grantee; *Held*, that there was no valid delivery during the grantor's life time, and the deed never took effect.

3. What is a conditional delivery of a deed? When is an instrument in the form of a deed merely an escrow? When does the title pass to the grantee? And in what cases does such title relate back to the first delivery?—discussed *per* DIXON, C. J.

APPEAL from the Circuit Court for *Waushara* County.

The plaintiffs and defendant were heirs-at-law of David Prutsman, who died intestate, after executing a deed of the premises in controversy to the defendant *Emily J. Baker*, and depositing it with one Sheardown, with instructions to deliver it to defendant in case of grantor's death, he retaining the right to control it while living. Defendant, by virtue of her deed, claimed the entire premises, plaintiffs claiming seven-eighths as heirs-at-law of the deceased, and conceding that defendant, as one of the heirs-at-law, was entitled to the other eighth. The action was brought by plaintiffs to declare the deed null and void and to compel defendant to surrender possession of the premises to plaintiffs and defendant jointly, as heirs-at-law. The court found as facts that the deed to defendant was made by the deceased and delivered to Sheardown, to be held and retained by him, subject to the control of deceased during his life-time; that he afterwards attempted to control the deed, and did revoke the delivery of the same, and requested that it might be returned to him to be destroyed; but that Sheardown retained the deed in his possession until after grantor's death, when he placed it upon record. As conclusions of law, the court found that the recording of the deed conveyed no title to defendant; that the same was null and void, and should be vacated and set aside accordingly. Judgment in accordance with the findings, from which defendant appealed.

*L. L. Soule* and *Geo. D. Waring*, for appellant.

*R. L. D. Potter* (with *S. U. Pinney*, of counsel), for respondents.

DIXON, C. J. An important question of law is presented in this case which is whether there was any delivery of the deed by the grantor, David Prutsman deceased, in his lifetime, so as to make the same valid and effectual for any purpose. The testimony on this point is that of a single witness, Sheardown, the depositary, who testified on his direct examination: "I

asked him (the grantor) what should be done with the papers? He said I should keep them, but not get them recorded while he lived; if he got well he wanted to control them.   I kept all the papers until after his death."   On cross-examination the same witness testified: "I asked him what should be done with the papers?   He answered, take them, record them, and give them to Em, but not while he was living; that if he got well he wanted to control them."   And again on cross-examination the witness also said: "The papers were under his (grantor's) control in my hands until he died."

Upon this evidence the judgment of this court very clearly is that there was in law no delivery of the deed during the lifetime of the grantor, for the reason that the grantor intended to and did reserve complete dominion and control over it during his life. To constitute delivery good for any purpose the grantor must divest himself of all power and dominion over the deed.   To do this he must part with the possession of the deed and all right and authority to control it, either finally and forever, as where it is given over to the grantee himself or to some person for him, which is called an absolute delivery; or otherwise he must part with all *present* or temporary right of possession and control, until the happening of some future event or the performance of some future condition, upon the happening or not happening or performance or non-performance of which, his right of possession may return and his dominion and power over the deed be restored, in which case the delivery is said to be contingent or conditional.   An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is, that there must be a parting with the possession, and of the power and control over the deed by the grantor for the benefit of the grantee, *at the time of delivery.*

This is the legal definition and meaning of the term, delivery, as applied to such an instrument.   It implies a parting with the possession and surrender of authority over the deed by the grantor at that time, either absolutely or conditionally;

absolutely if the effect of the deed is to be immediate and the title to pass or estate of the grantee to commence at once; but conditionally, if the operation of the deed is to be postponed or made dependent on the performance of some condition or the happening of some subsequent event. A conditional delivery is and can only be made by placing the deed in the hands of a third person, to be kept by him until the performance of some condition or conditions by the grantee or some one else, or until the happening of some event, when, upon the performance or happening of which, the deed is to be delivered over by the depositary to the grantee. Conditional delivery also takes place, when, by the terms of the deposit with the third person, the deed is to be returned to the grantor upon the performance of some condition on his part or on the part of some other person, or upon the happening of some contingency or uncertain event at or before some future day, and the like. In fixing the terms and determining the conditions of deposit, it is competent for the grantor or for the parties to enter into such stipulations as they please, and the effect of the deed in the third person's hands always depends upon the interest of the parties, or of the grantor when he alone dictates or fixes the conditions. In some cases the deed is held to operate presently, though placed in the hands of a stranger, with a direction to deliver it to the grantee, at some future day or upon some certain event. In such cases, if there be no condition connected with the delivery to the grantee, the happening of which must, by the terms of the authority in the receiver, precede such delivery, the title passes at once to the grantee. It is otherwise, however, where such condition exists, for until that has happened or been performed, or until the event, contingent in its nature, has transpired, the deed is to have no effect.

Cases of the latter description, and those under different circumstances where it is contemplated that the deed may by possibility, or in the course of events, be returned to the grantor, are in truth the only ones of conditional delivery, and it is a

misapplication of the term where it is employed with reference to any others. As has been well observed, a conditional deed, that is, one delivered conditionally, is not a deed, but an *escrow*, a mere writing having the form of a deed, but the effect of which depends wholly upon the happening of the conditions or events upon which it is to be delivered to the grantee. If these come to pass it becomes a deed, otherwise it is a mere nullity. Where delivery is conditioned upon the performance of some act by the grantee or by some other person, the instrument becomes a deed when the act is performed according to the terms of the deposit or authority conferred upon the receiver. When the condition is for the return of the deed upon the performance of some act by the grantor or by some one for him, and such act has been performed, then the deed becomes forever a nullity, and no delivery of it by the receiver or depositary to the grantee will make it effectual. If, on the other hand, such act be not performed, or the event do not transpire, upon which the instrument was to be delivered back to the grantor, it then becomes his deed agreeably to the stipulation of the parties and the instructions given to the depositary.

Many and perhaps most of the authorities make a distinction between cases where the future delivery is to depend upon the payment of money, or the performance of some other condition, and cases where it is to depend on the happening of some contingency, holding that the former is an escrow, but that the latter will be deemed the grantor's deed presently. This distinction will be found, however, not to be in all cases correct, since it will frequently happen that it will defeat the manifest intention of the parties which it is everywhere conceded should govern. The foregoing classification will therefore, we think, for all general purposes, be found more accurately to express the true rules and definitions of the law upon the subject.

And it follows in case of conditional delivery, or where the instrument has been deposited as the writing or escrow of the grantor, that it does not become the grantor's deed and that no

estate passes until the event has happened upon which it is to be delivered to the grantee, or until the *second* delivery or re-delivery, as it is sometimes called, by the depositary to the grantee. Whether in such case actual delivery to the grantee is necessary in order to give effect to the instrument as the deed of the grantor, seems not to be very well settled, but the inference would appear to be that it is not. The indication from the authorities quite clearly is that it becomes the grantor's deed the moment the condition has been performed or the event has happened, upon which the grantee is entitled to the posses-sion of it, and that thenceforth the depositary or holder is re-garded as the mere agent or trustee for the grantee.

But the title only passes on performance of the condition or the happening of the event, except in certain cases where by fiction of law the writing is allowed to take effect from the first delivery. This relation back to the first delivery is per-mitted, however, only in cases of necessity and where no injus-tice will be done, to avoid injury to the operation of the deed from events happening between the first and second delivery; as if the grantor, being a *feme sole* should marry or whether a *feme sole* or not, should die or be attainted after the first and before the second delivery, and so become incapable of making a deed at the time of second delivery, the deed will be consid-ered as taking effect from the first delivery, in order to accom-plish the intent of the grantor, which would otherwise be de-feated by the intervening incapacity. But subject only to this fiction of relation in cases like those above supposed and others of the kind, and which is only allowed to prevail in furtherance of justice and where no injury will arise to the rights of third persons, the instrument has no effect as a deed and no title passes until the second delivery; and it has accordingly been held, that if, in the mean time, the estate should be levied upon by a creditor of the grantor, he would hold by virtue of such levy, in preference to the grantee in the deed.

The foregoing observations have been made for the purpose

of showing, and we think it sufficiently appears from them, that deeds of the kind here under consideration, do not fall under the denomination of conditional deeds or deeds delivered upon condition, but that they rather belong to the class where the delivery of the deed is said to be absolute. They are of the kind, the second delivery, or that to the grantee, being only dependent on the death of the grantor, where the first delivery, if valid at all, is necessarily absolute. Dependent on that sole event, the unalterable nature of the conveyance is manifest. Unlike the case of first delivery conditioned upon the happening of a contingency or some future event of doubt and uncertainty, or the performance of some act or agreement which may not take place, in order to justify the second, the grantor here anticipates that the second delivery will certainly follow, and that by no possibility will the deed ever be returned to him, or his right to the possession or control of it be restored. The assent of the grantee having been given, the grantor's authority over the deed and all his right to possess or control it are forever gone the moment first delivery is made, or when the deed is placed in the hands of the third person. As to the grantor, the delivery is absolute and final, and so is his conveyance of the land, the title to which passes at once to the grantee, qualified only by the right of the grantor to use and occupy or take and receive the rents and profits during his life, or until the event shall have happened upon which second delivery is to be made. The grantor in such case converts his estate into a life tenancy, and makes himself the tenant of the grantee. These conclusions result unavoidably from the certainty of the event upon which the second delivery is made to depend, and from the impossibility, under the circumstances, that the grantor will ever be able to recall or re-possess himself of the deed. He delivers the writing, therefore, *as his deed*, always so to remain and never to return to him, and it becomes presently operative and the title vests immediately in the grantee. This is what was intended by Chief Justice PARSONS in *Wheelwright v. Wheel-*

*wright*, 2 Mass., 452, and recently approved by the court of appeals in *Hathaway v. Payne*, 34 N. Y., 106, when he said: " If a grantor deliver any writing *as his deed* to a third person, to be delivered over by him to the grantee, on some future event, it is the grantor's deed presently, and the third person is a trustee of it for the grantee.  *  *  *  *  But if the grantor make writing and seal it, and deliver it to a third person, as his writing or escrow, to be by him delivered to the grantee, upon some future event, as his, the grantor's, deed, and it be delivered to the grantee accordingly, it is not the grantor's deed until the second delivery."

In such a case the future delivery merely awaits the lapse of time, and is dependent upon no condition or contingency, and the writing is considered the grantor's deed presently, and the title as having vested in the grantee. *Foster v. Mansfield*, 3 Met., 412; *Hathaway v. Payne, supra.* A quit-claim deed executed by the grantee, intermediate the delivery to a stranger and the grantor's death, will, it has been held, pass the estate. *Tooley v. Dibble*, 2 Hill, 641. In such case, therefore, it is unnecessary, as has been sometimes otherwise supposed, to resort to the fiction of relation in order to make the deed available after the death of the grantor. The deed takes absolute effect during the lifetime of the grantor, and no fictitious relation is required.

We have said in the first part of this opinion, that so long as a deed is within the control, and subject to the authority of the grantor, there is no delivery for any purpose. A writing cannot be delivered as an escrow even, unless the maker parts with his dominion and power over it until such time as the event has happened when it is to be or may be restored to him. If it is in his own possession, he can of course destroy it at his pleasure, and if in the hands of a third person as his mere agent, and subject to his directions, his power is the same. If this be true of an escrow or conditional delivery, it must *a fortiori* be true where the delivery, if made, would necessarily become abso-

lute. The following are some of the authorities which hold that if the deed is subject to be recalled by the grantor, before delivery to the grantee, it is no delivery on the part of the grantor. *Shirley v. Ayres*, 14 Ohio, 317; *Fitch v. Bunch*, 30 Cal., 213; *Berry v. Anderson*, 22 Ind., 36; *Cook v. Brown*, 34 N. H., 460. The last is a particularly full and well considered opinion upon the question growing out of a state of facts not dissimilar to those here presented, and many authorities are reviewed.

Opposed to these decisions we know of but two in this country. *Shed v. Shed* 3 N. H., 432, and *Belden v. Carter*, 4 Day, 66, in neither of which was the real point of objection discussed or considered. The former we know has been overruled, and we believe also the latter. In England there have been some decisions and *dicta* to the like effect, as will be seen by examining the oft-cited case of *Doe v. Knight*, 5 Barn. & Cress., 671, 687. In *Welch v. Sackett*, 12 Wis., 265, this court felt obliged to reject what was said in *Doe v. Knight*, rather *obiter* than otherwise, on the subject of presumed acceptance of a deed by the grantee without knowledge that it had been or was to be executed, and now it feels obliged to reject what was in like manner said respecting the validity of delivery, where the deed remains in the grantor's possession or subject to his control. Upon both points the remarks of the court were strictly unnecessary to a decision of the cause and, as we think also, clearly erroneous.

As observed in *Cook v. Brown*, the owner of land desiring to make disposition of it at his death, has three courses open to him, either of which he may adopt according to circumstances and as will best suit his convenience and intentions. "If he desires to convey the same, but not to have his deed take effect until his decease; he can make a reservation of a life estate in the deed; or it may be done by the absolute delivery of the deed to a third person, to be passed to the grantee upon the decease of the grantor; the holder in such case being a trustee

for the grantee. But if he wishes to retain the power of changing the disposition of the property at his pleasure, that can only be properly effected by a will. So long as he retains the instrument, whether in the form of a deed or will, in his power, the property is his."

And so we must say in the present case, that the land in controversy was the property of the supposed grantor, the father of the plaintiffs and of the defendant, at his decease, and that the defendant acquired no title by virtue of the alleged conveyance. It follows, therefore, that the judgment of the circuit court is correct and should be affirmed.

*By the Court.*—It is so ordered.