[14910. In Bank.—June 5, 1893.]

ELIZA J. BURY, RESPONDENT, *v.* ELIZABETH C. YOUNG ET AL., APPELLANTS. ·

DEED—DELIVERY TO THIRD PARTY FOR GRANTEES—INSTRUCTION TO DELIVER AFTER DEATH OF GRANTOR—VESTING OF TITLE—LIFE TENANCY—TRUST.—The delivery of a deed by the grantor named therein to a third party for the children of the grantor, with instructions to such third party to hold the deed for them without recording it until after the grantor's death, and thereupon to deliver it to them, the grantor parting with all dominion over the deed and reserving no right to recall it, or to alter its provisions, or to have or enjoy any other or further interest in the premises than to hold the use thereof until his death, constitutes a valid delivery of the deed, which vests the title immediately in the grantees, qualified only by a life tenancy in the grantor, and the depositary becomes the trustee of the grantees.

ID.—GRANTOR MUST PART WITH CONTROL OF DEED.—The essential requisites to the validity of a deed transferred under such circumstances is that when placed in the hands of the third party it has passed beyond the control of the grantor for all time.

ID.—DELIVERY—INTENTION OF GRANTOR—QUESTION OF FACT.—The question as to whether, when a deed has been placed in the hands of a third party, it has passed beyond the control of the grantor for all time, is determined by the grantor's intention in the matter; and his intention in making the delivery is a question of fact to be solved by the light of all the surrounding circumstances.

ID.—EVIDENCE—DECLARATIONS AND ACTS OF GRANTOR AFTER DELIVERY.—The declarations and acts of a grantor, made and done in his own interest months after the delivery of a deed by him, are not admissible as indicating his intentions in delivering the deed, and instruments executed by him thereafter can not constitute evidence in his favor upon the question of such intention.

APPEAL from a judgment of the Superior Court of Stanislaus County, from an interlocutory decree of partition, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. A. Coldwell, John W. Armstrong,* and *L. J. Maddux,* for Appellants.

The deed not having been delivered in the lifetime of the grantor was only a testamentary disposition of the property therein described, and not having been properly executed, was absolutely void and inoperative. (*Meach* v. *Meach,* 24 Vt. 591; *Jacobs* v. *Alexander,* 19 Barb. 243; *Gilmore* v. *Whitesides,* 31 Am. Dec. 563; *Jones* v. *Jones,* 16 Am. Dec. 35; *Taft* v. *Taft,* 60 Am. Rep. 291; *Welborn* v. *Weaver,* 63 Am. Dec. 235; *Prutsman* v. *Baker,* 11 ·Am. Rep. 592; *Stone* v. *French,* 1 Am. St. Rep. 237; *Benneson* v. *Aiken,* 40 Am. Rep. 592; *Cline* v. *Jones,* 111 Ill. 563; *Byars* v. *Spencer,* 40 Am. Rep. 212; *Huey* v. *Huey,* 65 Mo. 689; *Haberham* v. *Vincent,* 2 Ves. Jr. 231; *Shurtleff* v. *Francis,* 118 Mass. 154; *Davis* v. *Cross,* 52 Am. Rep. 177; *Stevens* v. *Stevens,* 150 Mass. 557; *McElroy* v. *Hiner,* 133 Ill. 156; *Anderson* v. *Anderson,* 126 Ind. 62; *Weisinger* v. *Cock,* 19 Am. St. Rep. 320; *Porter* v. *Woodhouse,* 21 Am. St. Rep. 131; *Stinson* v. *Anderson,* 96 Ill. 373; *Fain* v. *Smith,* 58 Am. Rep. 281; *Bovee* v. *Hinde,* 135 Ill. 137; 1 Lewin on Trusts, 1 Am. ed., 58; *Sneathen* v. *Sneathen,* 24 Am. St. Rep. 330.) The court erred in refusing to allow the defendant to introduce in evidence the deed from M. A. Hinkson to Add. C. Hinkson, as such deed was admissible to show the intention of M. A. Hinkson at the time he executed the deed in issue here. (*Hibberd* v. *Smith,* 67 Cal. 547; 56 Am. Rep. 726; *Dean* v. *Parker,* 88 Cal. 283.)

*C. C. Wright,* for Respondent.

The execution and delivery of the deed to the third person in this case operated as a transfer of the property, and upon the death of the grantor the title was vested in the grantees absolutely. (Devlin on Deeds, secs. 280, 281, 284; *Stone* v. *Duvall,* 77 Ill. 475; *Prutman* v. *Baker,* 11 Am. Rep. 592; *Wheelwright* v. *Wheelwright,* 2 Mass. 452; 3 Am. Dec. 66; *Foster* v. *Mansfield,* 3 Met. 412; 37 Am. Dec. 154; *O'Kelley* v. *O'Kelley,* 8 Met. 436; *Jones* v. *Jones,* 6 Conn. 111; 16 Am. Dec. 35, and note p. 39; *Hatch* v. *Hatch,* 6 Am. Dec. 67; *Mather* v. *Corliss,*

103 Mass. 568; *Hathaway* v. *Payne*, 34 N. Y. 92; *Stephens* v. *Rinehart*, 72 Pa. St. 434; *Wallace* v. *Harris*, 32 Mich. 380.)

GAROUTTE, J.—This is an action of partition. Plaintiff and defendant Young·are sisters, and also daughters of one M. A. Hinkson   For title to support their respective claims Mrs. Bury relies upon a deed from her father, and Mrs. Young claims as a devisee under her father's will.   While suffering from a paralytic stroke, Hinkson called to his bedside for legal advise, as to the disposition of his property, one Hazen, an attorney-at-law, and acting upon his advise he signed and acknowledged a grant deed of his real estate, wherein his aforesaid daughters were named as grantees.   This deed he gave to Hazen, with instructions not to record it, but to deliver it to the grantees upon his death.   He appears to have recovered from his sickness, and subsequently endeavored to secure possession of the deed from said Hazen, but was unsuccessful in this regard.   At a later date he made a will devising all his real estate to appellant Young.   Subsequently he died, and Hazen delivered the aforesaid deed to plaintiff Bury.

The sole question in this litigation is, Did the title pass to the grantees under the deed—in other words, was there a delivery of the deed by the grantor?   The findings of the court as to the matter of delivery are fully supported by the evidence of the witness Hazen, and it is as to the sufficiency of those findings of fact to support a delivery of the deed that our attention will be directed.   The findings are as follows:—

1. That on the day last named the said M. A. Hinkson delivered the said deed to P. J. Hazen, Esq., of Modesto, California, for the said plaintiff and defendant last named, and instructed the said Hazen to hold the same for said plaintiff and defendant without recording it until his, the said M. A. Hinkson's, death, and thereupon to deliver the same to the said plaintiff and defendant.

2. That the said M. A. Hinkson then and there parted with all dominion over said deed, and reserved no right to recall it or to alter its provisions, or to have or enjoy any other or further interest in said premises than to hold the use thereof until his death.

If the question here presented were a new one, or if the decisions of the courts of our sister states might be fairly said to divide as to what was the true rule of law applicable to such case, speaking for myself alone, I am not prepared to say but that the judgment in this case should be reversed for the reason that the aforesaid findings indicate upon the part of the grantor an intention to make a *post mortem* disposition of his property, and such a thing cannot be done by deed; but the decisions of the courts of many states, promulgated by the most learned judges of those states, hold that the facts stated in the findings quoted constitute a valid delivery of the deed, and that the fee-title forever passed from the grantor, and we deem the law settled in that regard. It may be conceded that the roads traveled by courts in arriving at this conclusion have not always been the same, but whatever may have been the various lines of reasoning pursued, the same result has always been reached, and a valid delivery declared. We shall not enter into a discussion of the elementary principles of law supporting the proposition here involved, but content ourselves with a reference to the views of various courts as to the law applicable to the state of facts here presented.

In the well considered case of *Cook* v. *Brown*, 34 N. H. 460, the decision of the court upon this question concludes as follows: "If the owner of land desires to convey the same, but not to have his deed take effect until his decease, he can make a reservation of a life estate in the deed, or it may be done by the absolute delivery of the deed to a third person to be passed to the grantee upon the decease of the grantor, the holder in such case being a trustee for the grantee." In *Prutsman* v. *Baker*, 30 Wis. 650; 11 Am. Rep. 592, Dixon, C. J., speaking for the court, approved the doctrine cited from *Cook* v. *Brown*, 34 N. H. 460, and declared the same rule in the following language: "As to the grantor, delivery is absolute and final, and so is his conveyance of the land, the title to which passes at once to the grantee, qualified only by the right of the grantor to use and occupy, or take and receive the rents and profits during his life, or until the event shall have happened upon which second delivery be made. The grantor in such case converts his estate into a life tenancy, and makes himself the tenant of the

grantee. These conclusions result unavoidedly from the certainty of the event upon which the second delivery is made to depend, and from the impossibility under the circumstances that the grantor will ever be able to recall or repossess himself of the deed. He delivers the writing, therefore, *as his deed,* always so to remain, and never to return to him, and it becomes presently operative, and the title vests immediately in the grantee." In *Wheelwright* v. *Wheelwright,* 2 Mass. 446; 3 Am. Dec. 66, Parsons, C. J., in speaking of the question of delivery of a deed by the depositary to the grantee after the death of the grantor, said: "If a grantor deliver any writing as his deed to a third person, to be delivered over by him to the grantee on some future event, it is the grantor's deed presently, and the third person is a trustee of it for the grantee, and if the grantee obtain the writing from the trustee before the event happens, it is the deed of the grantor, and he cannt avoid it by a plea of *non est factum,* whether generally or specially pleaded." In *O'Kelly* v. *O'Kelly,* 49 Mass. 439, Shaw, C. J., said: "That a deed was made, executed, and acknowledged by the ancestor was proved. The question was whether it was delivered so as to take effect and pass the estate. If it was delivered by the grantor to any person in his lifetime, to be delivered to the grantee after his decease, it was a good delivery upon the happening of the contingency, and related back so as to divest the title of the grantor by relation from the first delivery." In *Taft* v. *Taft,* 59 Mich. 185; 60 Am. Rep. 291, Campbell, C. J., speaking for the court, said: "The other deed held by Mallory depends upon other considerations. If the deed had been delivered to him irrevocably, on the simple condition that he should transfer it to defendant on the death of Aden Taft, it would come within several of our own decisions, and might, therefore, be valid upon their authority. (*Latham* v. *Udell,* 38 Mich. 238; *Wallace* v. *Harris,* 32 Mich. 380.) There is much authority elsewhere in favor of the same doctrine."

The foregoing principles are also approved in *Stephens* v. *Rinehart,* 72 Pa. St. 434; *Hathaway* v. *Payne,* 34 N. Y. 92; *Stone* v. *Duvall,* 77 Ill. 475, and many cases from other states not necessary to mention.

Upon a careful examination of the authorities cited by appel-

lant, and other cases bearing upon this question not cited, we have failed to find a case supporting a contrary doctrine to that announced in the foregoing citations. In every case where the deed has been declared invalid by reason of failure of delivery, it will be found that the grantor reserved some rights over the instrument; that he failed to part with all control and dominion over it; that upon the happening of some event, or contingency or condition, he had the right, if so disposed, to reach out and take it from the possession of the depositary. Such is not the case under consideration, for here the court finds as a fact that "the grantor parted with all dominion over said deed." There are well considered cases holding that, even though the grantor delivers the deed to the depositary, reserving the right to recall it, yet if he dies without recalling it, and the deed is then delivered, that such delivery is complete and entire, and carries title. We are not disposed to indorse that doctrine, and think the principle recognized in this case goes far enough for all proper purposes. The essential requisite to the validity of a deed transferred under circumstances as indicated in this case, is that when it is placed in the hands of the third party, it has passed beyond the control of the grantor for all time. That question is determined by the grantor's intention in the matter, and his intention in making the delivery is a question of fact, to be solved by the light of all the circumstances surrounding the transaction.

As before intimated, the views of courts are not uniform as to how and when the deed takes effect. *Prutsman* v. *Baker,* 30 Wis. 650; 11 Am. Rep. 592, says the title passes full and complete upon the first delivery, and that the depositary becomes the trustee of the grantee, and that the grantor holds a life estate in the property. *Stone* v. *Duvall,* 77 Ill. 475, holds the first delivery to be an inchoate delivery. Many of the cases declare that the deed becomes operative upon the delivery by the depositary after the death of the grantor, and that such delivery relates back to the first delivery for the purpose of carrying the title. Section 767 of the Civil Code provides that a freehold may commence *in futuro,* and for that reason we are inclined to recognize the views of Dixon, C. J., in *Prutsman* v. *Baker,* 30 Wis. 650; 11 Am. Rep. 592, as the true rule appli-

cable to this class of cases in this state. We know of nothing in the codes forbidding the doctrine announced in that case, to wit, that the grantor upon the irrevocable delivery of the deed to the depositary, thereupon constitutes such depositary the trustee of the grantee, and creates in himself a tenancy for life.

Appellant offered in evidence a deed from M. A. Hinkson to A. C. Hinkson, and a deed back to M. A. of the realty here involved. These deeds were made subsequent to the deed which we have had under consideration, and were offered as tending to show the grantor's intentions at the time he made the original deed. The proposed evidence was rejected, and rightly so. The consideration in both deeds was nominal. They were executed about the same time, and were recorded upon the same day. It was a very poor attempt upon the part of the grantor to create evidence in his own favor. Neither was the grantor's order upon the depositary to redeliver the deed to him proper evidence. If offered as tending to show a revocation of agency, it was immaterial, as the fact of revocation was not involved in the case. The question involved was the *power* of the grantor to revoke or recall the deed. Appellant also offered in evidence a trust deed to the Sacramento Bank made some months subsequent to the delivery of the deed to Hazen, as tending to show the grantor's intentions in making the original deed, and it is now claimed that such an act upon the part of the grantor would be so inconsistent with an intention on his part to part with the title when he made the original deed, that it should be admitted as throwing light upon that transaction. It was not even shown that the deed to the bank was a *bona fide* one; but aside from that a grantor cannot be allowed to undermine his deed either by words or acts. His declarations and acts made and done in his own interest months after the deed was delivered are not admissible as indicating his intentions in delivering the deed. We think this principle elementary, and there is nothing in *Dean* v. *Parker*, 88 Cal. 283, trespassing upon that doctrine.

For the foregoing reasons let the judgment and order be affirmed.

HARRISON, J., FITZGERALD, J., and PATERSON, J., concurred.

McFARLAND, J. (dissenting). — I dissent. In the first place, I think the evidence fails to show that when Hinkson handed the deed to Hazen he parted with all control over it, etc., and also that the court erred in ruling out certain evidence offered for the purpose of showing what Hinkson's intention was. Furthermore, there was no delivery of the deed to the grantees named therein while the grantor was alive; and there could have been none after he was dead. It is contended that giving the deed to Hazen was a present delivery to the grantees; but the express instruction was that he was to keep it until after Hazen's death, and *then to deliver* it to the grantees, so that the delivery to the grantees was not to take place during Hinkson's lifetime. Hazen was not a grantee, and had no interest in the grant. He was a mere agent of Hinkson, and upon the death of the latter the agency ceased. The deed was a mere attempt at testamentary disposition of property, and not being in the form prescribed for the execution of a will, was void. He ordered his agent to return the deed to him, and the agent should have obeyed; for if it was of any value he had as much right to revoke it as he would have had to revoke a will. But it was of no value, for it provided for an impossible thing — the delivery of a deed by an agent after the death of his principal. If one desires to avoid the administration of his estate in probate he may grant his property to a trustee, to whom a present delivery of the deed must be made; or he may grant his property reserving a life estate, but there must be a present delivery of the deed to the grantees. The method of doing so, claimed to be effective in the case at bar, would not only lead to innumerable frauds, but is inconsistent with the fundamental principle that a dead man can do no act, and can have no agent to act for him. There are authorities, no doubt, holding differently from the views above expressed, but in my opinion they do not correctly declare the law, and should not be followed. I think the judgment should be reversed.