[Civ. No. 3943.   First Appellate District, Division One.—October 20, 1921.]

JAMES H. McCORD, as Special Administrator, etc., Appellant, v. LILLIE E. MADDUX et al., Respondents.

[1] QUIETING TITLE—PLEADING—ISSUES—BURDEN OF PROOF—FINDINGS. In an action by a special administrator to quiet title to certain real property, where the answer of the defendants denies the plaintiff's asserted right and interest in the property and generally avers title in themselves, the plaintiff is put upon proof of his own asserted title and an issue is created which justifies the trial court in finding that during her lifetime, and while she was the owner of the property, plaintiff's intestate made, signed, and delivered to a third party, with instructions to deliver to the grantees upon the grantor's death, a deed conveying the property to defendants, that such grantor reserved no power thereafter to revoke or otherwise control said deed and at the time intended to make said delivery absolute, that said third party held said deed during the

---

1. Efficacy of deposit of deed with third person to be delivered after grantor's death, notes, Ann. Cas. 1915C, 378, 385, 388; 4 L. R. A. (N. S.) 816; 9 L. R. A. (N. S.) 317.

lifetime of the grantor and upon her death delivered it to the defendants.

[2] Id. — Delivery of Deed to Third Party — Instructions to Deliver on Death of Grantor — Intent — Evidence — Findings — Appeal.—The question as to the intention with which the grantor of real estate makes and delivers ,a deed thereof to a third person with instructions to deliver the same to the grantee upon the death of the grantor is a question of fact to be determined by the trial court from all the circumstances of the case; and its determination of that fact, if it can be fairly drawn as a reasonable inference from evidence educed before the trial court, will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry A. McKannay and McKannay & Hunt for Appellant.

Clarence N. Riggins for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the defendants in an action brought by the plaintiff, as special administrator of the estate of Mary McCord, deceased, to quiet title to certain real estate situate in the county of Napa, and to have canceled a certain deed from Mary McCord to Lillie E. Maddux and Anna A. Newell, two of the defendants in the action, which had been placed of record, and thus constitutes a cloud upon the title to said property, and which deed the plaintiff alleges the said decedent never made nor delivered to said grantees. The answer of the defendants denies title to said premises in Mary McCord at the time of her death, and alleges that said Mary McCord in her lifetime, and while the owner of said real estate, made, executed, and delivered said deed thereto to the said grantees named therein, who had ever since been and still were the owners of the whole thereof. The cause went to trial upon the issues as thus presented, when certain evidence, to be hereafter adverted to, was educed. Upon its submission the trial court, after making certain formal findings, proceeded to find that Mary McCord, on or about the fifth day of October, 1912, while

the owner of the whole of said real estate, had freely and voluntarily made, signed, and acknowledged her deed in writing, whereby she granted and conveyed unto said Lillie E. Maddux and Anna Augusta Newell all of said property; and that on or about said date she had delivered said deed to one W. J. Blake, and then and there instructed said Blake to hold said deed during her lifetime and upon her death to deliver the same to said grantees; that said Mary McCord reserved no power thereafter to revoke or control said deed, and intended at the time she so delivered it to said Blake to make said delivery absolute and to place said deed beyond her power and control and thereby divest herself of the title to said real estate, excepting a life estate therein; that said W. J. Blake held said deed pursuant to said instructions during the lifetime of said Mary McCord, and upon her death delivered the said deed to said grantees.

As conclusions of law from the foregoing findings of fact the trial court found said defendants to be the owners of the property and ordered judgment in their favor. From such judgment this appeal is taken.

[1] The first contention of the appellant is that the trial court in making the foregoing findings had gone outside the issues in the case to the plaintiff's injury. It is true that the defendants in their answer asserted complete title in themselves from and after the fifth day of October, 1912, the date of the execution of said deed, and had not pleaded nor relied upon an escrow delivery of the same to W. J. Blake as the source of their title. But in their answer elsewhere the defendants had denied the plaintiff's asserted right and interest in said property and had generally averred title in themselves. This would have put the plaintiff upon proof of his own asserted title, and thus have created an issue which would have justified the findings of the trial court. The only ground for complaint on the part of the plaintiff and appellant would be that he was in some way misled to his injury by the findings of the court; but in this respect the record shows that he was at all times during and even prior to the trial of the cause fully aware of the circumstances surrounding the making and delivery of the deed which formed the sole basis of the defendants' assertion of ownership of the premises in

question; and hence could neither have been misled nor surprised by the findings and conclusions of the trial court.

The next and main contention of the appellant is that the findings of the trial court to the effect that Mary Mc-Cord at the time of the making, execution, and delivery to W. J. Blake of the deed in question did and intended to divest herself of the title to the real estate therein described are against the evidence, the contention of the appellant being that upon the undisputed facts in the case the findings of the court should have been that the grantor in said deed by her said making and delivery of the same did not intend to divest herself of the power to revoke said deed or control the title to the premises described therein, but only intended and attempted to make a testamentary disposition of the property to become effectual at the time of her death.

In order to test this contention, the facts of the case may be briefly recited: Mary McCord on October 5, 1912, was and for some years prior thereto had been the owner and in possession of the real estate involved in this action, which consisted of a farm known as the home place, and which at that time was in the possession of one James H. McCord, who was her son, and who was holding and cultivating the premises as her tenant. She was then seventy-eight years of age and was living with one or the other of her two daughters, the defendants herein. She had recently been subject to a severe illness, from which she was somewhat recovered. For several years prior to said date she had for her business agent one W. J. Blake, who was in the real estate and insurance business in St. Helena and was also a notary public and justice of the peace. He held in fact her power of attorney and attended to the details of her affairs, particularly with reference to the leasing and handling of the home place. On or about said last-named date she sent for Mr. Blake, who came to the Kibbler Building, in St. Helena where she was staying with one of her daughters, and she there instructed him to prepare certain papers consisting of a deed of gift of the home place, and also of a bill of sale of the personal property thereon, to her two daughters, Mrs. Maddux and Mrs. Newell. He returned to his office and prepared said documents for her signature and took them to her in the Kibbler Building,

where she signed and acknowledged the same, and then gave them to him with instructions to deliver them to Mrs. Maddux and Mrs. Newell upon her death. Mr. Blake took the two documents to his office, placing them in his safe. Within a few days thereafter Mary McCord requested her two daughters to go with her to the office of Mr. Blake, where, according to the testimony of Mrs. Newell, she said the papers were, "and that she would hand them to us." They went there on the following day, and when they arrived at Mr. Blake's office, Mrs. McCord asked for the papers, in order, as she stated, to hand them to her daughters. Mr. Blake gave them to her, and she then handed them to her daughters, passing the papers to each of them and telling them what they were, after which she gave the papers back to Mr. Blake and repeated her instructions to him to keep them safely and deliver them to Mrs. Maddux and Mrs. Newell after her death.

There was a further transaction which shed some light upon this one. Mrs. McCord had a deposit in a local bank about which she had also consulted Mr. Blake at the time of the delivery to him of the papers above referred to; he testified that she asked him to arrange the matter of her bank deposit so that Mrs. Maddux and Mrs. Newell might have her bank deposit upon her death; he advised the opening of a joint account in the names of her two daughters and herself. This she did immediately after the transaction with reference to the deeds. Thereafter and up to the time of her death in 1919 Mrs. McCord continued to live with one or the other of her said daughters. She also, with the aid of Mr. Blake, attended to whatever business was to be done with reference to the lease and change of tenants upon the premises in question and payment of the taxes thereon. She also made sales of some small portions of the personal property thereon, such as a horse for ten dollars, and some puncheons for an unascertained price. She also paid the insurance upon the buildings on the property, and made or caused to be made some minor repairs thereon. The papers affecting the property remained uncalled for and unchanged in the hands of Mr. Blake until her death intestate in 1919. Within a few days thereafter they were delivered to the grantees by Mr. Blake and duly recorded.

Upon these facts as above briefly recited the appellant contends that the trial court should have found that Mary McCord, in making and delivering the deed in question to Mr. Blake, did not intend to vest the present or any title to the premises described therein, or to do other than attempt to make a testamentary disposition thereof, and that the findings of the court as to the existence and consummation of such an intention are not supported by the evidence in the case.

In making this contention counsel for the appellant strongly relies upon the case of *Williams* v. *Kidd,* 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1]. Singularly enough, the respondents also strongly rely upon the same case as supporting their contention, which is that the question as to the intent of Mary McCord in the making and delivery of the deed in question to Mr. Blake was a question of fact to be determined by the trial court in the light of all the circumstances in the case, and that his conclusion thereon will not be disturbed by the court upon appeal. It is therefore interesting to see just what was decided in the case of *Williams* v. *Kidd.*

The learned and lamented Justice Lorigan, who wrote the opinion in that case, laid down very clearly and correctly the law governing cases of this character. We cannot do better than to quote some excerpts from that opinion. "It is well settled," says the learned justice, "that a person may make a conveyance of property and place it in the hands of a third party to be delivered to the grantee named in it on the death of the grantor, and that such a delivery will be effectual to pass a present title to the property to the grantee if the intention of the grantor is to make such delivery absolute and place it beyond his power thereafter to revoke or control the deed. Where delivery is made under these circumstances and with this intention, it is fully operative and effective to vest a present title in the grantee, the grantor retaining only a life estate in the property, and the third party or depositary holds the deed as a trustee for the grantee named in it. (*Bury* v. *Young,* 98 Cal. 451 [35 Am. St. Rep. 186, 33 Pac. 338]; *Moore* v. *Trott,* 156 Cal. 353 [134 Am. St. Rep. 131, 104 Pac. 578].)

"On the other hand, it is equally well settled that where a deed is deposited with a third party to be handed to the

grantee upon the death of the grantor, unless this is ac companied by an intention on the part of the grantor that title to the property shall thereby immediately pass to the grantee, there is no delivery of the deed, and consequently no title is transferred. If the deed is handed to the depositary without any intention of presently transferring title, but, on the contrary, the grantor intended to reserve the right of dominion over the deed and revoke or recall it, there is no effective delivery of the deed as a transfer of title. So, too, if it be the intention of the grantor when he deposits a deed that it shall only be delivered to the grantee by the depositary after the death of the grantor, and that the title is to vest only upon such delivery after his death, then the deed is entirely inoperative as constituting an attempt by the grantor to make a testamentary disposition of his property. This may only be done by will executed as required by the law of wills of his state, and a deed, the purpose of which is intended to be testamentary, cannot be given effect. . . .

''It is essential to the validity of a transfer of real property that there be a delivery of the conveyance with intent to transfer the title, and the true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of title. If he did, there was an effective delivery of the deed. If not, there was no delivery. The solution of this question is grounded entirely on the intention of the grantor, and this essential matter of intention is a question of fact to be determined by the trial court from a consideration of all the evidence in a given case bearing upon the question (*Bury* v. *Young,* 98 Cal. 451 [35 Am. St. Rep. 186, 33 Pac. 338]; *Kenniff* v. *Caulfield,* 140 Cal. 34 [73 Pac. 803]; *Estate of Cornelius,* 151 Cal. 552 [91 Pac. 329]; *Follmer* v. *Rohrer,* 158 Cal. 757 [112 Pac. 544]).''

Following a careful review of the facts in that case, which differ in certain essential respects from the facts of the case at bar, the learned justice continued: ''These matters in the main make up the evidence under which the court was to determine whether, when Williams delivered the deed in question to Kidd, he intended thereby to pass a present title in the property to the grantee. The court

found that he did not. This finding of the court, it is true, rests mainly upon inferences which it deduced from the facts and circumstances in evidence; but if these inferences were fairly and reasonably deducible from them the finding must stand. This court cannot set aside the finding of the trial court unless it appears that there is no evidence to support it, or the evidence is so clearly preponderating against the finding as made that it can be said that there is no substantial evidence to sustain it. We are satisfied from a full consideration of the evidence that this cannot be said.''

[2] From these extended excerpts drawn from that case it will be seen that the supreme court has clearly determined that the question as to the intention with which the grantor of real estate makes and delivers a deed thereof to a third person with instructions to deliver the same to the grantee upon the death of the grantor is a question of fact to be determined by the trial court from all the circumstances of the case; and that its determination of that fact, if it can be fairly drawn as a reasonable inference from evidence educed before the trial court, will not be disturbed upon appeal. The supreme court did not disturb the determination of the trial court in the case of *Williams* v. *Kidd,* nor do we think we should do so in the case at bar. From a careful review of the evidence in this case we are convinced that the inference could fairly and reasonably be drawn that the grantor in the deed in question intended by her act in making the same, in delivering it to Mr. Blake, in handing it to the grantees and in explaining to them its purpose, in redelivering it to Mr. Blake with the instruction to keep it safely and deliver it to her two daughters upon her death, in leaving the said deed with its depositary for the seven remaining years of her life, in making no other or further attempt to dispose of the premises other than temporary uses consistent with a life estate therein, and in finally dying intestate, manifested an intention to transfer the title to the premises in question by delivery of the deed; and the trial court having so found, we will not disturb its finding and resulting judgment upon appeal.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 19, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.