[Civ. No. 4215. Third Appellate District.—November 13, 1930.]

SECURITY TRUST AND SAVINGS BANK (a Corporation), Respondent, v. W. H. McADOO et al., Defendants; AVERILL-WEYMOUTH COMPANY (a Corporation), Appellant.

Eastham & Smith for Appellant.

Lloyd S. Nix, Perry G. Briney and Victor R. Hansen for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff had judgment in an action to foreclose a mortgage on certain property described in the complaint, from which judgment the Averill-Weymouth Company, a corporation, appeals.

The record shows that the Averill Company was engaged in the building of houses, and in so doing had contracted with one W. H. McAdoo for the erection thereof. The money to erect the buildings and to erect the building upon the lot involved in this action was to be obtained from the plaintiff.

In pursuance of this agreement the appellant, the owner of the lot, executed a grant, bargain and sale deed in favor of the defendant W. H. McAdoo and handed the same to the respondent. In handing this deed to the respondent the appellant accompanied the deed with the following letter of instruction, to wit:

"Averill-Weymouth Company
"Real Estate, Loans and Investments
"725 South Olive St.,
"Los Angeles, California.
"Security Trust and Savings Bank,
"San Pedro, Calif.
"Gentlemen:—

"We are enclosing herewith our grant deed drawn in favor of W. H. McAdoo, a married man, covering Lots 1 and 2 in Block 26 Vista Del Oro subject to taxes for the fiscal year 1923-24, conditions, restrictions, reservations and rights of way of record.

"You may use this deed when you can hold for us a note for $1500.00 in favor of this company, executed by our grantee and his wife, Mrs. Ella M. McAdoo, payable in monthly instalments of $50.00 or more, including interest at 7% per annum, this note to be secured by deed of trust executed by the above parties, affecting the easterly 60 feet of Lots 1 and 2, Block 26, Vista Del Oro, which deed of trust is to be made subject to a mortgage in favor of your bank for an amount not in excess of $4500.00 due in three years. As we do not have the necessary data in order to

enable us to draw the note and trust deed above mentioned, we would ask that you kindly attend to this matter using Title Guarantee and Trust Company form of note and trust deed.

"We have ordered two separate guarantees of title at the Title Insurance and Trust Company, under their order #700621, as follows: One guarantee to cover the easterly 60 feet of Lots 1 and 2 in Block 26 Vista Del Oro, liability $1500.00. The other guarantee to cover the westerly 60 feet of Lots 1 and 2 in Block 26, Vista Del Oro, liability $1500.00. We have asked them to hold this order open for further papers and closing instructions to come from you and to bill you with all expenses in connection with this transaction, with the exception of item for cost of continuation of Title to our name on the two guarantees, which amount will be taken care of direct by us.

"Kindly collect interest for us on $1500.00 at 7% per annum from September 30th, 1923, to the date of our trust deed. Please cancel the $3.00 revenue stamp which we have attached to our deed and acknowledge receipt of this instrument by signing and returning the enclosed receipt for same.

"Yours very truly,
"AVERILL–WEYMOUTH COMPANY, INC.,
"By I. MACMANUS, JR.
"IM:DO"

In pursuance of the instruction just set forth the respondent took from W. H. McAdoo and wife a mortgage in the sum of $4,000 and also a note in favor of the appellant for the sum of $1500 secured by a deed of trust on the property mentioned in the letter of instructions. Thereafter, the respondent advanced to W. H. McAdoo the sum $1,000, as part payment for materials be used in the erection of a building upon the premises involved herein. The remainder of the loan was simply carried as a credit to McAdoo on the books of the bank, and no further advancements were ever made by the bank to McAdoo. The record shows that McAdoo did not erect or complete any building upon the premises, and thereafter filed a petition in bankruptcy. The $1,000 advanced by the bank upon the $4,000 loan, not having been repaid, the respondent began this action in foreclosure.

Upon this appeal it is urged that the findings of the trial court are not supported by the evidence; that the judgment is contrary to the evidence; that the court erred in refusing to grant a new trial; that the court erred in failing to render judgment in favor of the appellant; that the court erred in rendering judgment for the respondent; and further, that there were errors occurring during the trial, prejudicial to the appellant.

■ In support of the foregoing specifications the appellant cites first section 2235 of the Civil Code, which reads: "All transactions between a trustee and his beneficiary, by which the trustee obtains any advantages over the beneficiary, are presumed to be entered into by the latter without sufficient consideration and with undue influence." A number of cases are then cited having to do with transactions between trustees and beneficiaries, all of which set forth the law correctly upon the facts presented for consideration, but none of which are applicable to the instant case.

The record in this case shows that the mortgage in favor of the bank was to have precedence over the trust deed that was to be executed in favor of the appellant. The appellant, by its own letter of instructions, authorized the bank to accept a mortgage on the property involved from McAdoo in a sum not in excess of $4,500. The mortgage executed was in the sum of $4,000. It is true that the appellant directed the bank to see to the execution of the trust deed in favor of the appellant. The letter of instructions explicitly provides that the trust deed is to be made subject to the mortgage in favor of the bank, the language of the instruction being "which deed of trust is to be made subject to a mortgage in favor of your bank", etc. It follows as a matter of course that the intention of the parties to give the bank the first security, is manifested in such a manner as to take the case entirely out of the provisions of section 2235 of the Civil Code. The bank did not acquire any advantage over the beneficiary not contemplated by the parties or not provided for in the letter of instructions. The evidence fails to show any confidential relations between the parties. At best it only shows that the parties were having business dealings, and in view of the instructions which were executed voluntarily on the part of the appellant, and were being followed for the benefit

of the appellant, to the end and purpose that W. H. Mc-Adoo might be enabled to erect a building upon the premises referred to in the instructions, we do not very well see how any confidential relations were taken advantage of, even though it be admitted that such existed. The fact that the respondent held the papers executed by the parties is wholly immaterial. The rights of the parties, including their priorities, were specifically set forth and the record fails to show any violation thereof. ■ The alleged errors committed by the trial court during the hearing of the cause consisted in the exclusion of certain testimony. It is not necessary to set forth the testimony sought to be introduced, it being sufficient simply to state that the offered testimony consisted of conversations between the defendant McAdoo and the appellant, without any showing whatever that these conversations were with any of the officers of the bank, or that the bank had any knowledge thereof. The bank not having any knowledge of any communications between McAdoo and the appellant, it cannot be successfully urged that any failure on the part of the bank to comply with secret understandings had between McAdoo and the appellant furnished a basis for any finding that the respondent was guilty of any fraud, or had taken any undue advantage.

■ Again, it is urged that the appellant did not authorize a mortgage in the sum of $1,000. The record shows a complete answer in that the mortgage was executed for $4,000, but that only $1,000 was advanced on the mortgage by reason of the failure of McAdoo to carry out his building contract with the appellant. The fact that no greater sum than $1,000 was turned over to McAdoo by the bank on the $4,000 note and mortgage heretofore referred to, inures to the benefit of the appellant and is not a cause working a detriment. As we have said, the appellant authorized the execution of a note and mortgage, to be a first lien upon the premises, in a sum not exceeding $4,500. The money which had been placed to the credit of McAdoo, upon the execution of the note and mortgage, was charged back against him after the occurrence which we have heretofore mentioned, and thus reduced the amount of the loan to the sum of $1,000.

The letter of instructions being plain and unambiguous, there was no occasion, on the part of the trial court, to admit oral testimony as a means of interpreting the instrument. Upon this hearing the appellant has not pressed consideration of the affidavits upon which a new trial was sought in the court below. However, we have read the same and fail to find therein any reason for disturbing the conclusion of the trial court. We see no occasion for reviewing such cases as *Bury* v. *Young*, 98 Cal. 446 [35 Am. St. Rep. 186, 33 Pac. 338], *Jones* v. *Title Guaranty & Trust Co.*, 178 Cal. 375 [173 Pac. 586], for the reasons that in those cases confidential relations were relied upon, and here, irrespective of the relations of the parties, specific instructions only appear to have been followed. Nor do we find anything in the case of *First Nat. Bank* v. *Garner*, 91 Cal. App. 176 [266 Pac. 849], decided by this court, applicable to the case at bar. There is no question but that the instructions provided for the trust deed being subsequent to the mortgage, which is not parallel to the circumstances presented in the case last cited.

There being no merit in the appeal in this action, the judgment of the trial court is affirmed.