Estate of Rahn : Ash and another, Appellants, vs. Rahn, Respondent.

*December 7, 1938—January 10, 1939.*

*A. McComb* of Green Bay, for the appellants.

For the respondent there was a brief by *Sigman & Sigman,* attorneys, and *Jack H. Kalman* of counsel, all of Appleton, and oral argument by *Mr. Kalman.*

FRITZ, J.   The principal contention of the appellants, Anna Ash and her husband, is that the court erred in finding and adjudging that a conveyance in fee of the real property in question was made, executed, and delivered to the petitioner, Gustave E. Rahn, in 1927 by Lena Rahn and August Rahn, her husband.   In support of that contention appellants claim that there was no competent evidence to establish the delivery of such a deed to Gustave E. Rahn.   To establish delivery, the latter relies upon testimony given by himself and Meta Schneider.   She testified that in 1927 or 1928 she accompanied G. H. Peters, the cashier of a bank at Black Creek, to the home of Lena Rahn and her husband; that Peters drew up a deed conveying the property from them to Gustave E. Rahn; that she witnessed the grantors' signatures; that in their presence and without their objecting thereto a statement was made, and they also said, that the place would belong to Gustave E. Rahn; and that Peters acted as notary in respect to the deed and took it back to the bank with him.   Rahn was permitted by the court to testify (notwithstanding objections duly made to his competency to testify to transactions with Peters, who had died prior to the trial) that in 1927 or 1928 he spoke to Peters at the bank; that a deed to the property was handed to him by Peters; that the signatures of Lena Rahn and her husband were on that deed; that he was told to give or hand the deed to Peters

and the latter was to put it away for safekeeping; that he handed the deed to Peters; and that in August, 1937, he heard that the deed had been destroyed. There is no evidence, and it is not claimed, that Gustave E. Rahn was present when, according to the testimony of Meta Schneider, a deed was executed by Lena Rahn and her husband; nor that either of them was at the bank at the time of the alleged conversation and transactions between Peters and Gustave E. Rahn in respect to a deed, according to the latter's testimony. Neither is there any evidence from which it can be inferred that at the time of the alleged execution of a deed there was any delivery thereof by Lena Rahn or her husband, or any intention to have Peters hold the deed in escrow, or otherwise, for or on behalf of Gustave E. Rahn; or that they ever authorized Peters to make delivery thereof on their behalf to Gustave E. Rahn. But if such authority could be inferred by reason of their acquiescence in Peter's taking the deed away, his custody thereof must be deemed, in the absence of any authorization by the grantors to deliver it, to have been but as their agent, with the right of control thereto still in them. Under those circumstances, Gustave E. Rahn's testimony as to conversation and transactions between himself and the grantors' agent, Peters, in respect to the alleged delivery of the deed by Peters to Rahn was clearly incompetent and should have been excluded on the objection of the appellants, who claim to have derived title to the same property through and under the grantors. Sec. 325.17, Stats.; *Markgraf v. Columbia Bank of Lodi,* 203 Wis. 429, 442, 233 N. W. 782.

Consequently, inasmuch as it does not appear that the grantors ever divested themselves of their power and dominion over the alleged deed, and as there was no competent evidence of a delivery thereof to Gustave E. Rahn, there is no basis for the trial court's finding and adjudication that

there had been such a delivery as to effectively convey the property to him. It is, of course, well established, that—

"To constitute delivery good for any purpose the grantor must divest himself of all power and dominion over the deed. To do this he must part with the possession of the deed and all right and authority to control it, either finally and forever, as where it is given over to the grantee himself or to some person for him, which is called an absolute delivery; or otherwise he must part with all present or temporary right of possession and control, until the happening of some future event or the performance of some future condition, upon the happening or not happening or performance or nonperformance of which, his right of possession may return and his dominion and power over the deed be restored, in which case the delivery is said to be contingent or conditional. An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is, that there must be a parting with the possession, and of the power and control over the deed by the grantor for the benefit of the grantee, at the time of delivery." *Prutsman v. Baker,* 30 Wis. 644, 646.

There must be established by competent proof not only that there has been such physical tradition of the deed as to result in removal thereof from the grantor's possession, but also that the tradition was with the intent to place the deed out of his control for the benefit of the grantee. *Kittoe v. Willey,* 121 Wis. 548, 553, 99 N. W. 337; *Zimmerman v. Zimmerman,* 165 Wis. 146, 161 N. W. 369.

In the absence of competent proof to establish an effective delivery, testimony as to alleged oral statements by the grantors that the land would belong or belonged to Gustave E. Rahn is insufficient to render the undelivered deed effective as a conveyance. Those alleged statements are to some extent equally applicable to a deed executed on August 17, 1933, by Lena Rahn and her husband to convey the same property to Gustave E. Rahn. That deed, according to state-

ments embodied in her will, executed August 2, 1937, was not to be delivered until the death of the survivor of herself and her husband; she had a right to destroy and revoke it under the understanding with her husband; and it was destroyed and revoked pursuant to her instructions. Manifestly, such an undelivered deed could not be rendered an effective conveyance by reason of mere oral statements that the land would belong or belonged to the grantee named therein.

It follows that the judgment must be reversed with directions to enter judgment dismissing the petition on the merits.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.