[No. 13338.   Department Two. — March 10, 1891.]

## JAMES P. DEAN, APPELLANT, v. ABNER PARKER ET AL., RESPONDENTS.

APPEAL — REVIEW — FINDING OF FACT — CONCLUSIONS OF LAW. — Where there is no exception to a finding of fact, on the ground that it is not supported by the evidence, and no specification wherein the evidence fails to sustain it, the sufficiency of the evidence to justify it cannot be considered on appeal; but if the finding be one of law as distinguished from the finding of an ultimate fact, it may be reviewed and the error corrected.

DEED — EXECUTION — SIGNATURES — DELIVERY — FINDING. — A finding that a deed was made and executed, but that it was never delivered, will be construed to mean that it was signed, but not in fact delivered.

HUSBAND AND WIFE — COMMUNITY PROPERTY — TITLE OF SURVIVING HUSBAND — ESTATE OF DECEASED WIFE. — Land, the title to which is taken in a wife's name, but which is paid for with community funds is community property, and after the death of the wife belongs to the surviving husband, without administration, and the estate of the wife takes no title or interest in it which can be conveyed to any person.

ID. — ADMINISTRATION OF WIFE'S ESTATE — PROBATE SALE — ESTOPPEL OF HUSBAND'S GRANTEE. — The act of a husband in filing a petition for letters of administration on his deceased wife's estate, setting forth therein that the land in controversy was his wife's separate estate, and causing the same to be sold as such by order of the probate court, does not estop a grantee of the husband, in an action to quiet title against a grantee of the purchaser of the property as the estate of the wife, at the probate sale, from showing that the property was community property, and belonged to the husband.

ID. — EQUITABLE ESTOPPEL — CONSTITUENT ELEMENTS. — In order to constitute an equitable estoppel from claiming title to land by an admission

of the owner that he had no title, it must be shown that the party mak-
ing the admission, by his declarations or conduct, was apprised of the
true state of his title; that he made the admission, with the express inten-
tion to deceive, or with such carelessness or culpable negligence as to
amount to constructive fraud; that the other party was not only desti-
tute of all knowledge of the true state of the title, but of convenient or
ready means of acquiring such knowledge; and that he relied directly upon
such admission, and will be injured in allowing its truth to be disproved.

DEED — DELIVERY TO THIRD PERSON — EVIDENCE — INTENTION OF GRAN-
TOR — OPINION OF WITNESS. — Where the delivery of a deed is disputed,
evidence of the party with whom the grantor left it for the benefit of the
grantee, as to any declarations made or conversations had by or with the
grantor in relation to the delivery at that or any subsequent time, is
competent to show the grantor's intention; but evidence as to what the
witness would have done if the deed had been afterwards called for by
the grantor is inadmissible.

ID. — QUESTION OF FACT — INTENTION. — Whether the delivery of a deed to
a third party was a delivery for the benefit of the grantee named in the
deed, is a question of fact to be determined by ascertaining the intention
of the grantor in what he did in signing it and delivering it to the third
party.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*F. B. Ogden*, for Appellant.

The property being paid for out of community funds,
and the deed to "Mary Dean, wife of John Dean,"
expressing a moneyed consideration, the whole world
had notice from its record that the land was commu-
nity property. (*Meyer* v. *Kinzer*, 12 Cal. 253; 73 Am. Dec.
538; *Mott* v. *Smith*, 16 Cal. 533.) Delivery of the deed is
to be presumed (*Branson* v. *Caruthers*, 49 Cal. 374; Civ.
Code, sec. 1059.) In the case at bar the grantee was an
infant, and the law accepts for an infant. (*De Levillain*
v. *Evans*, 39 Cal. 120.) At common law the evidence is
sufficient to show a delivery. (*Hastings* v. *Vaughn*, 5 Cal.
318; *Bensley* v. *Atwill*, 12 Cal. 236; Devlin on Deeds,
secs. 269, 286, 280, 281, 275, and cases cited; *Wall* v.
*Wall*, 30 Miss. 91; 64 Am. Dec. 147.) There was no

estoppel by the administration upon the wife's estate. (*Boggs* v. *Merced M. Co.*, 14 Cal. 279; *Davis* v. *Davis*, 26 Cal. 23; 85 Am. Dec. 157; *Martin* v. *Zellerbach*, 38 Cal. 300; 99 Am. Dec. 365; *Maine B. T.* v. *Boston T. Co.*, 37 Cal. 40; *McCracken* v. *San Francisco*, 16 Cal. 591; *Duell* v. *Bear River Co.*, 5 Cal. 85; *Marquart* v. *Bradford*, 43 Cal. 526; *Ferris* v. *Coover*, 10 Cal. 589; *Carpentier* v. *Thirston*, 24 Cal. 268; *Brant* v. *Va. Coal Co.*, 93 U. S. 326; *Vaese* v. *Ball*, 2 Dall. 210; *White* v. *Langdon*, 30 Vt. 599; *Deery* v. *Cray*, 5 Wall. 795; Herman on Estoppel and Res Judicata, secs. 783, 787, and cases cited, 969, 976, 1107, 1116; *Pierce* v. *Andrews*, 6 Cush. 4; 52 Am. Dec. 748; *Russell* v. *Place*, 94 U. S. 606. See also *Gilmer* v. *Poindexter*, 10 How. 257; *Franklin* v. *Dorland*, 28 Cal. 175; *Davenport* v. *Turpin*, 43 Cal. 591; *Patterson* v. *Keystone M. Co.*, 30 Cal. 360; *Houston* v. *Turk*, 7 Yerg. 13.) The rule of *caveat emptor* applies to probate sales. (*Halleck* v. *Guy*, 9 Cal. 181.)

*C. G. Dodge*, and *J. A. Johnson*, for Respondents.

The presumption that the deed was community property was rebuttable. (Civ. Code, sec. 164; *Jackson* v. *Torrence*, 83 Cal. 521; *Moore* v. *Johns*, 63 Cal. 12.) The presumption was rebutted by the administration of the property by the husband as the estate of the wife; and he and his grantees are estopped from claiming the contrary. (*Mitchell* v. *Reed*, 9 Cal. 206; 70 Am. Dec. 647; 1 Greenl. Ev., sec. 208, and note 4; *Stanley* v. *Green*, 12 Cal. 149; *Continental Bank* v. *Bank of Commonwealth*, 50 N. Y. 575; *Tubbs* v. *Lynch*, 4 Harr. (Del.) 521; *Blair* v. *Wait*, 69 N. Y. 113; Civ. Code, secs. 3512, 3515, 3516; *Hostler* v. *Hays*, 3 Cal. 307; Herman on Estoppel and Res Judicata, secs. 416, 496, 503; *Evans* v. *Snyder*, 64 Mo. 516; *Bryan* v. *Ramirez*, 8 Cal. 461; 68 Am. Dec. 340.)

DE HAVEN, J.— Action to determine conflicting claims to certain real property. In the court below, the judgment was in favor of defendants, and from this judg-

ment, and an order denying his motion for a new trial, the plaintiff appeals.

The findings of the court show that the land in controversy was originally conveyed to the mother of the plaintiff; that is, she was named as grantee in the deed conveying it, but that the property was paid for with the community funds and property of the mother and her husband, who was the father of plaintiff. The mother, Mary Dean, died January 26, 1877, leaving surviving her her said husband and three children. On October 3d following, the father died, but prior to his death he, on the fifth day of February, 1877, filed in the proper probate court a petition, signed by him, praying for letters of administration on the estate of his deceased wife, in which it was stated that the land in controversy was her separate property. The findings further show that this same property was afterwards, in 1882, in the matter of the estate of said Mary Dean, sold to one Thomas O'Donnell, which sale was confirmed by the court, and said O'Donnell conveyed to defendants.

The court also found "that before the death of said John Dean, he, the said John Dean, on the fourteenth day of May, 1877, made and executed a deed of said property described in the complaint to James P. Dean, the plaintiff herein, for a consideration of one dollar, but that said deed was never delivered; no consideration was ever paid by the grantee therein named; the said deed was never recorded, and the defendants herein never were aware of or had any notice of the existence of said deed until after their purchase of the property in dispute in this action; nor did the said John Dean have or own any interest in said property at the time he executed said deed, or at any time thereafter, by reason of said action in filing said petition."

As a conclusion of law, the court found "that the said act of John Dean in filing said petition, setting forth therein that the said property was his wife's sepa-

rate property, and causing the same to be sold thereunder, forever estops said John Dean, his heirs and successors, from claiming the same, and has the effect (even if it were community property) of making it the separate property of Mary Dean; that plaintiff neither has nor owns any right, title, or interest of any nature whatsoever in or to said property, but that the absolute title in fee thereto and ownership thereof is in the defendants."

1. If the latter part of what is termed the "the conclusions of law" should be considered rather as the finding of an ultimate fact, the sufficiency of the evidence to justify it cannot be considered on this appeal, as there is no exception to it for this cause, or specification wherein the evidence fails to sustain it. But we think that, looking at the entire findings, this should be regarded simply as a conclusion which the learned judge of the court below drew as one of law from the specific findings of fact which preceded it, and that therefore we may review it; and if in law the conclusion is not properly drawn from such preceding facts, the judgment may be reversed.

2. It is apparent that the court, in its sixth finding, above set out, does not use the word "executed" in its strict legal sense, and the proper construction of that finding is, that the deed referred to therein was signed, but not in fact delivered.

3. The facts found by the court do not support the judgment. The court finds, in effect, that the property in controversy was community property of the husband, John Dean, and his wife, Mary Dean, and that the husband survived the wife. This being so, upon the death of the wife the property belonged to the surviving husband, without administration (Civ. Code, sec. 1401); and the estate of Mary Dean never had any title to or interest in this property to convey to any persons, and the facts alleged in the answer of defendants as matter of estoppel, and found by the court, are not such as to

estop the plaintiff here from showing that the property in controversy was never the separate property of the said Mary Dean, under whom the defendants claim. The facts necessary to be shown in order to call into exercise the principle of equitable estoppel are stated by Field, C. J., in *Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 367, as follows: "1. That the party making the admission by his declarations or conduct was apprised of the true state of his own title; 2. That he made the admission with the express intention to deceive, or with such carelessness or culpable negligence as to amount to constructive fraud; 3. That the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and 4. That he relied directly upon such admission, and will be injured by allowing its truth to be disproved."

In referring to this quotation, the court in *Smith* v. *Penny*, 44 Cal. 166, says: "This specification of the facts which are essential to the operation of the estoppel was approved in *Davis* v. *Davis*, 26 Cal. 23, 85 Am. Dec. 157, and in many other cases in this court, except that in some of the cases the third specification was modified in one particular, it not being deemed requisite that the other party should be shown to be destitute of all *possible* means of knowledge of the true state of the title, but only of convenient or ready means to that end." (See also Bigelow on Estoppel, 437.)

4. One of the questions to be determined was, whether a certain deed, signed by the father of plaintiff and purporting to convey to plaintiff the land in controversy, was ever delivered, the evidence showing that it had been placed by the father in the custody of one Daniel O'Keefe, who was a witness upon the trial. While giving his testimony, the defendants put to O'Keefe this question: "Supposing the father had come in a year after he left the deed with you, or two or three weeks

afterwards, and asked you for the deed again, would you have given it to him?"

This question was objected to, upon the ground that it was immaterial, irrelevant, and incompetent. The objection was overruled, the plaintiff excepting to such ruling, and the witness answered, "Yes, sir."

The objection to this question should have been sustained, as the evidence sought by it was irrelevant. The matter to be determined was, What was the intention of plaintiff's father in leaving this deed with the witness? and for the purpose of arriving at this intention, evidence of any declarations made or conversations had in relation to that subject, by the said John Dean, at that or any subsequent time, would have been competent; but what the witness would have done if the deed had afterwards been called for can have no tendency to show whether the father did or did not intend in what he did to make a delivery of the deed for the benefit of his son.

5. The case must be remanded for a new trial; and as we cannot know that the evidence upon another trial, in relation to the delivery of the deed referred to, will be in all respects the same as appears in this record, we do not deem it proper to pass upon the question whether the sixth finding of the court is supported by the evidence. Whether there was a delivery for the benefit of the plaintiff is a question of fact to be determined by ascertaining the intention of the father in what he did in signing it and leaving it with the witness O'Keefe. Any declaration made by him at the time of the alleged delivery, or at any subsequent time, as to his intention, is relevant to this inquiry. The evidence in this record, as to what he said during his last sickness in giving a reason for not making a will, is relevant.

Judgment and order reversed.

SHARPSTEIN, J., and McFARLAND, J., concurred.