## CHARLESTON.

DAVIS v. ELLIS et al.

Submitted January 26, 1894.—Decided March 31, 1894.

ESCROW—DEED—DELIVERY—PRESUMPTION.

When the grantor therein places a voluntary deed in the hands of a third person, to be delivered at an indefinite time to the grantee, and before the delivery thereof such person returns such deed to the grantor, who destroys it, the presumption of law is against the delivery of such deed, and in favor of grantor's right to destroy it, and can not be overcome unless the grantee shows by a preponderance of affirmative evidence that the grantor at the time he placed such deed in the hands of such third person, intended absolutely to part with the control and dominion over the same.

J. E. CHILTON for appellant:

I.—On the demurrer.—13 Am. & Eng. Ency. Law 1069 and notes; 1 Sto. Eq. Jur. 92, 93; 1 Fonb. Eq. c. 1, § 3, p. 33; 2 Ind. 474; 32 Ind. 142; 1 Bar. Ch'y Pr. § 104.

II.—As to incompetency of witnesses, Emma Davis and Thornton Ellis, as to any transactions and communications with the deceased, Malone Ellis.—25 W. Va. 251; 32 W. Va. 14.

III.—The proof must correspond with the allegations of the bill.—25 W. Va. 830; 5 W. Va. 135; 19 W. Va. 360–64; 11 W. Va. 217.

IV.—As to delivery of deed.—1 Dev. on Deeds, 282; 37 W. Va. 725; 6 W. Va. 121; 2 Gratt. 394; 10 Mass. 446; 30 Wis. 644; 6 Hun. 269; 34 N. H. 460, 475; 47 N. H. 479; 107 Mo. 130; 11 Vt. 621; 5 Am. & Eng. Ency. Law 448, 449, note 2.

V.—As to right of grantor to revoke deed.—7 Utah 467; L. R. An. 13, p. 714; 1 N. H. 353–358; 47 N. H. 479–481; 9 Ill. 159–190; 3 Wall. 641; 45 N. H. 505; 3 Metcalf 412; 306 Mo. 313; 6 W. Va. 121 (bot. of page).

VII.—Court of Equity will revoke a deed of gift made under a mistake and belief by grantor that he had a right to revoke it during his life.—Dev. Deeds 282, note; 24 Hun. 210; 24 N. J. Eq. R. pp. 243–246; 30 Bevan 243.

GUNN & SWITZER, and L. C. SOMMERVILLE for appellees:

I.—*The demurrer was properly overruled.*—17 Am. Dec. 136; 46 Am. Dec. 91; 40 Am. Dec. 759; 13 Am. & Eng. Ency. Law 1068; Pom. Eq. Jur. § 1376 and notes; Adams Eq. 167; 1 Wash. 274; 6 Leigh 484, opinion; 35 W. Va. 167; 21 W. 183; 14 W. Va. 22; 11 W. Va. 386; 5 W. Va. 272.

II.—*The second delivery can be proven under the allegations of the bill.*—3 Rand. 263-4; Gilm. 75; 3 Munf. 384.

III.—*Thornton Ellis is a competent witness.*—17 W. Va. 683, Syl. 5, opinion 691-2.

IV.—*A deed once delivered vests the title in the grantee and nothing but a re-conveyance can again rest the title in the grantor.* —4 Conn. 550; 2 Gilliam 557; 9 S. E. Rep. 456 (102 N. C. 519); 36 N. E. Rep. 254.

V.—*The declarations of a grantor are admissible against him and those claiming under him, but are inadmissible as against the grantee.*—6 B. Monroe 285; 3 Kelly 513; 1 Barb. 230; 2 Whar. Ev. § 1101; 11 Gratt. 752; 6 Ired. (N. C.) Eq. 528; 10 Ohio 273; 67 Am. Dec. 269, note 270; 40 Am. Dec. 232, notes; 4 Am. Dec. 267; 6 Am. Dec. 506; Am. Dec. 343.

VI.—*This delivery was good and vested the title in the grantor.* —2 Gillian 557; 46 Am. Dec. 315; 1 Shep. Touch. 57-8; 4 Am. Dec. 185; 3 Am. Dec. 66; 3 Ohio. St. 377; 6 Am. Dec. 66; 7 Am. Dec. 375; 2 Hill 641-659; 34 N. Y. 106; 10 N. E. 667 (1 N. H. 353); 2 Mass. 447; 4 Kent (5th Ed.) 456, note A; 11 Am. Rep. 592; 34 N. E. Rep. 153; 21 S. W. Rep. 868; 22 S. W. Rep. 1077; 31 N. E. 403; 20 S. W. Rep. 99; 45 Fed. Rep. 828; 123 Ind. 121; 8 N. Y. S. 617; 37 W. Va. 734.

VII.—*This was not a testamentary paper.*—35 N. W. Rep. 656; 21 N. E. Rep. 401.

VIII.—*When a grant is beneficial the acceptance of grantee is presumed.*—46 Am. Dec. 315; 15 Wend. 656; 3 Ohio St. 377.

DENT, JUDGE:

On the 5th day of January, 1891, Felix Davis filed a bill in chancery in the Circuit Court of Putman county against

Lizzie Ellis, widow and devisee, and the many heirs at law, of Malone Ellis, deceased, for the purpose of establishing an alleged deed claimed to have been made by said Malone Ellis to the plaintiff on the——day of——,1887, for two tracts of land, one containing sixteen acres and the other one hundred and ninety acres, which was afterwards lost and could not be found. Lizzie Ellis, defendant, appeared, and demurred to said bill, and filed her answer, admitting that, prior to her marriage with said Malone Ellis, he had caused a deed to be prepared, as set out in the bill, and had left the same in the hands of W. H. Morris, to be delivered after his death; but, before the same was delivered, he obtained it from Morris and destroyed it and made another deed, conveying part of the land to the plaintiff, which he delivered, and in which she joined; and the residue he devised to her by will.

On the hearing of the case the Circuit Court having by a former order overruled the demurrer entered a decree in favor of the plaintiff, holding that the devise of the land to the defendant Lizzie Ellis was null and void, and appointed a commissioner to execute a deed to the plaintiff for said two tracts of land.

From this decree the defendant Lizzie Ellis appeals, and assigns as error: (1) The order of the court overruling the demurrer to the bill; (2) the final decree of the court in favor of the plaintiff.

Three witnesses in this case are objected to as incompetent to testify as to any communication had with Malone Ellis, to wit, Emma Davis, wife of plaintiff, Lizzie Ellis, the defendant, and E. T. Ellis, also a defendant. The Circuit Court properly sustained the exceptions as to the testimony of said Lizzie Ellis and Emma Davis as to any personal transaction or communication had with decedent. See *Kilgore* v. *Hanley*, 27 W. Va. 451; *Kimmel* v. *Shroyer*, 28 W. Va. 505. The court should have excluded also the testimony of the defendant E. T. Ellis. He was a party to the suit, and interested in the result thereof not as an heir, as the plaintiff's counsel intimate, but as having received a deed for himself at the time he received the deed for the plaintiff, as he claims, for another tract of land, from the

decedent.   The object of the law is to prevent perjury and
collusion, and if E. T. Ellis were permitted to testify in be-
of the plaintiff's deed, the plaintiff could in turn testify as
to the delivery of E. T. Ellis's deed, and the  very spirit of
the law would be defeated.   See case of *Lang* v. *Smith*, 37
W. Va. 736 (17 S. E. Rep. 213) as to the evidence of Charles
P. Smith, a witness situated in that case as this  witness is
in this.

The only competent evidence on  the subject of delivery
is the testimony of W. H. Morris, whose testimony as  to
this matter, is to the following effect; that Malone  Ellis,
being feeble in health, and believing that he  was going to
die, and  having  no children, sent  for  him, and had him
draw up two  deeds; the one mentioned in the bill, the
other to said E. T. Ellis; that he told said Morris to take the
deeds with him, and deliver them to the grantees ; that wit-
ness could  not remember when they  were to be delivered,
or why not delivered  at the  time, as  the plaintiff was in
the house when the deeds were drawn up ; that grantor di-
rected him how to dispose of his personal property after his
death ;—that a short time  afterwards, Malone Ellis having
recovered from his illness, and  being in  his office, Morris
returned the deeds to him, and  told  him, he could deliver
them himself ;—that these deeds were drawn up in lieu of
a will that Malone Ellis had formerly made, but, fearing
there would be a contest over the will, he had concluded to .
destroy it and  execute the  deeds.   The evidence further
shows that Malone Ellis having afterwards married the de-
fendant Lizzie Ellis destroyed these deeds, made a new deed
for part of this land  to the  plaintiff, who accepted it, and
put it on record, and then, by reason  of a  promise to his
then wife, executed  a  will devising the  residue of the land
to her.   The deed in controversy was not to go  on  record,
nor was possession of  the land to  be  given  under it, until
Malone Ellis' death.

The law governing this case as quoted in *Lang* v. *Smith*,
37 W. Va. 734 (17 S. E. Rep. 213) and sustained by numer-
ous authorities cited, is as follows:   "Where a grantor exe-
cutes a deed, and delivers it to a third person, to hold until
the death of the grantor, the latter parting with all domin-

ion over it, and reserving no right to recall the deed or alter its provisions, it seems to be settled by the weight of authority that the delivery is effectual and the grantee succeeds to the title." And in the case of *Newlin* v. *Beard*, 6 W. Va. 121: "To constitute a delivery, obligor must part with the dominion over the deed with the intent that it must pass to the grantee." *Hall* v. *Hall*, 107 Mo. 130 (17 S. W. Rep. 811) ; *Jackson* v. *Phipps*, 12 Johns. 418. The intention of grantor to part with dominion over the deed must appear from the facts in the case. *Dean* v. *Parker*, 88 Cal. 283 (26 Pac. 91); *Lindsay* v. *Lindsay*, 11 Vt. 621 ; 5 Am. & Eng. Enc. Law, 448. The burden of proving delivery is on the plaintiff, and to sustain it he must have a clear preponderance of testimony.

In this case, the plaintiff's proof shows that, after the deeds were executed, the grantor directed the scrivener, as his agent to take the deed, and at some time deliver it to the grantee, but before he executed the agency in any manner or to any extent he returned the deed to the grantor, and told him to make the delivery himself, thus plainly acknowledging that the agency had not in any sense been executed, but was declined.

It seems to me that this evidence, standing alone, is entirely insufficient to establish the delivery. An agent's authority may be revoked at any time before it is executed. "So long as the deed is within the control and subject to the authority of the grantor, that is no delivery. And whether in the hands of third persons or in the desk of the grantor is immaterial, since in either case he can destroy it at his pleasure." *Cook* v. *Brown*, 34 N. H. 460-475.

The evidence clearly shows that the grantor intended this deed to operate as a will ; that it was not to be delivered until his death ; that at the time it was executed he was expecting almost immediate death, and was arranging his business accordingly; that on his recovery he regained the deed, which was still under his control, and not only did not deliver it, but destroyed it, on account of the fact of his re-marriage. He had no children, and his re-marriage caused him to change his plan as to the disposition of his property. He makes the plaintiff a deed for part of

the same land, and the plaintiff accepts it, and makes no claim to the former deed until after the death of the grantor, whose tongue is forever silent.   The only excuse that the plaintiff asserts for all these transactions is that the grantor wanted to retain possession of the land until his death. The entire conduct of the grantor is inconsistent with any intention on his part to give up his control of the deed until his death, and the conduct of the plaintiff shows that he so understood the matter, and there is no positive evidence to the contrary.

The preponderance of the testimony is plainly with the defendant; it is therefore unnecessary to pass upon the demurrer to the bill, but the decree of the Circuit Court must be reversed and the bill dismissed, at the plaintiff's costs.