100  627
e102  13

## Richmond.

FRANK AND OTHERS V. FRANK AND OTHERS..

November 20, 1902.

1. DEEDS—*Delivery After Death of Grantor.*—It is essential to the valiaity of a bond that delivery shall be made by the obligor in his lifetime, but if he parts with all dominion over it, and makes an absolute and unconditional delivery thereof to a third person, with direction to the latter to deliver it to the obligee on the death of the obligor, the delivery is good. In the case in judgment there was no condition imposed upon complete delivery except that the bonds were to be delivered to the obligees after the obligor's death.

Appeal from a decree of the Circuit Court of Rockingham county, pronounced April 19, 1902, in a suit in chancery wherein the assignors of two of the appellants were the complainants, and the appellees and another were the defendants.

*Affirmed.*

This suit was instituted by two of the children of Henry Frank, deceased, who were also devisees under his will, against the other devisees and legatees under said will, and the personal representative of said Henry Frank, deceased. One of the chief objects of the suit was to have declared null and void the bonds mentioned in the opinion of the court, on the ground that they had never been delivered by the obligor in his lifetime.

*Sipe & Harris* and *W. H. Bertram*, for the appellants.

*O. B. Roller & Martz* and *Winfield Liggett,* for the appellees.

KEITH, P., delivered the opinion of the court.

Henry Frank, a short time before his death, caused six bonds, each for the sum of $250, to be written, signed, and placed in the hands of William Miller, to be delivered at his death to the obligees therein named. The bonds are in the following forms:

"$250.00.

One day after date I promise to pay to Luverna Ellen Frank two hundred and fifty dollars for value received of her, and I hereby waive the homestead exemption as to this debt.

Witness my hand and seal this the 9th day of May, 1901.

HENRY FRANK (Seal)."

(Six cents revenue stamp.)

In two of the bonds Luverna Ellen Frank was named as the obligee, one of which was delivered to her in person immediately upon its execution. After the bonds were written, Henry Frank executed his will, in which he provides that all of his just debts shall be paid, and then disposes of the residue of his estate. This will was duly attested, and there is no controversy concerning it. The sole question for our decision is, were the bonds delivered by the testator in his lifetime?

Three witnesses were present with Henry Frank, viz.: Benjamin F. Ralston, who wrote the bonds, J. W. Miller, and Lewis E. Swank. According to the testimony of Ralston and Swank the bonds were written and signed. The will was then written and signed, and then Henry Frank delivered the bonds and will to Miller for safekeeping, the bonds to be by him delivered upon the death of Henry Frank to the obligees named therein, and the will given to the executors therein named.

Miller's recollection of the transaction is that the bonds and

will were delivered to him to be by him, at the death of Henry
Frank, given to the executors named in the will, with instruc-
tions to deliver the bonds to the obligees therein named.

There is no material conflict, therefore, among these three
witnesses, who are the only witnesses to the transaction.    The
only difference between the testimony of Miller and that of
Ralston and Swank is that, according to his recollection, he was
instructed to deliver the bonds and will to the executors, with
instructions that the bonds should be delivered to the obligees,
while according to the testimony of Ralston and Swank the
bonds were to be delivered by Miller to those entitled to them.
The delivery seems to have been unconditional and absolute.
The obligor parted with all dominion over them.    The obligees
were his children who had remained with him, and rendered
service to him after they had attained the age of twenty-one
years.    It was his declared purpose to compensate them for this
service.    He regarded it as a debt, and put the evidence thereof
in the most solemn form.    There is not a circumstance in the
record indicative of any purpose to impose any condition upon
the complete delivery of these bonds, except that they were to
be placed in the hands of the obligees after his death.

"Delivery is an indispensable requisite to the validity of a
deed.    It may be done by acts or words, or by both; by the
grantor himself, or by another with the grantor's authority; to
the grantee personally, or to a stranger with subsequent ratifi-
cation, although it do not reach the grantee until after the
death of the grantor."    Shep. Touch. 57, 58.

The delivery must be in the lifetime of the grantor, and yet
there may be an inchoate delivery in the grantor's lifetime
which will become absolute on his death.    *Jackson* v. *Leek*, 12
Wend. 107; *Stone* v. *Duvall*, 77 Ill. 475; *Foster* v. *Mansfield*,
3 Met. 412.

"Where a deed is left with a third person, with instructions
to hold it until the grantor's death, and then to deliver it to the

grantee, the weight of authority seems to be in favor of the doctrine that if there is no reservation by the grantor of the privilege of recalling the deed before his death, but if he delivers it to the depositary with the absolute and final determination that it shall take effect when the contingency of his death happens, it will become operative upon its delivery, after his death, to the grantee, and such delivery will relate back to the prior delivery for the purpose of passing the grantor's title. *Wheelwright* v. *Wheelwright*, 2 Mass. 454.

As we have seen, the delivery to Miller was unconditional. There was no reservation of a right to recall the bonds. They were placed in his hands to be delivered upon the obligor's death to the obligees, and that was done. It is immaterial here whether the delivery to Miller is to be regarded as a delivery in *escrow*, so that the bonds became effectual only upon the delivery by Miller to the obligees, or whether they were to be regarded as presently binding upon the obligor, and therefore we shall not consider the authorities in which that distinction is discussed.

We are of opinion that there is no error in the decree of the Circuit Court, which is affirmed.

*Affirmed.*