JOHN T. O'BRIEN V. JOHN O'BRIEN ET AL.

Opinion filed February 19. 1910.

**Escrow—Delivery of Deed.**

1. Where a deed is executed and delivered to a third person to be by him delivered to the grantee upon the grantor's death, it is a question of fact to be determined from the evidence whether the grantor intended to part with all control over the deed or not.

**Escrow—Deed—Absolute Delivery—Intent of Grantor.**

2. If the grantor clearly intends that the title should presently pass by such delivery, evidence showing subsequent change of intention by the recall of the deed is not competent.

**Escrow—Delivery of Deed—Intent of Grantor—Evidence.**

3. If the intention of the grantor in delivering the deed is doubtful or equivocal, evidence of subsequent acts of the grantor or of the person with whom the deed was deposited is competent as tending to show what the grantor's intention was at the time of the delivery of the deed to such third person.

**Escrow—Burden of Proof—Deeds.**

4. The burden is upon the grantee to clearly show a delivery of the deed for his benefit, and that such delivery was made.

**Escrow—Delivery—Evidence—Grantor's Intent.**

5. Evidence reviewed, and, *held,* not to show that the grantor's intention was to deliver the deed without reservation or power to recall.

Appeal from District Court, Pembina County; *Kneeshaw, J.*

Action by John T. O'Brien against John O'Brien and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Scott Rex,* for Appellant.

Delivery of deed to a third party to be handed to the grantee at grantor's death, conveys absolute title subject to grantor's life interest. Arnegard v. Arnegard, 7 N. D. 475, 75 N. W. 797; Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wittenbrocke v. Cass, 110 Cal. 1, 42 Pac. 300; Bury v. Young, 33 Pac. 338; Wilhoit v. Salmon et al., 80 Pac. 705; Hutton v. Cromer, 85 Pac. 483; Standiford v. Standiford, 97 Mo. 231, 3 L. R. A. 299; Ruez v. Dow, 45 Pac. 867; Foreman v. Archer, 106 N. W. 372; White v. Watts, 92 N. W. 660; Crooks v. Crooks, 34 O. S. 610; Connard v. Colgan, 55 Ia. 538, 8

N. W. 351; Douglas v. West, 141 Ill. 455, 31 N. E. 403; In re Cornelius Estate, 91 Pac. 329; Schreckhise v. Wiseman, 45 S. E. 745.

The law presumes acceptance of a benficial grant; and where it is coupled with a burden, declaration and acts of beneficiary indicating his intention to claim, show acceptance. 9 Am. & Eng. Enc. Law 162; 13 Cyc. 566, 571-b; White v. Watts, (Ia.) 92 N. W. 660; Haenni v. Bleisch (Ill.) 34 N. E. 153; Gould v. Day, 94 U. S. 405, 24 L. Ed. 232; Tibbals v. Jacobs, 31 Conn. 428; Thompson   v. Calhoun, 74 N. E. 775; Swisher v. Palmer, 106 Ill. App. 432; Emmons v. Harding (Ind.) 70 N. E. 142.

*Magnus Brynolfson* for Respondent.

To defeat the power of recall, the grantor must clearly and unequivocally evidence an intent and purpose to part with contract of deed for all time.   Arnegaard v. Arnegaard, et al., 75 N. W. 797; Kittoe v. Willey, et al., 99 N. W. 337; Bury v. Young, 33 Pac. 338; Porter v. Woodhouse, 22 Atl. 299; Pratt v. Griffin, 56 N. E. 819; Foreman v. Archer 106 N. W., 372.

Intent is a question of fact.   Arnegard v. Arnegard, Supra;; Kittoe v. Willey, et al., Supra; Bury v. Young, Supra; Foreman v. Archer, Supra; Davis v. Ellis, 19 S. E. 399; Kneeland v. Cooperthwaite, 115 N. W. 1026.

Right to revoke need not be expressly reserved.   Cole v. Cole, 108 N. W. 101.

If, where intent to make grant absolute accompanied the original deposit, grantor can still revoke, pending acceptance by grantee. Arnegaard v. Arnegaard, supra; Foreman v. Archer, supra; Williams v. Daubner, 79 N. W. 748.

If deed imposes a burden upon grantee, acceptance is not presumed.   Thompson v. Dearborne, 107 Ill. 87; Littler v. City, 106 Ill. 353; Darey Bank v. Webster 44 N. H. 264; Gifford v. Corrigan, (N. Y.) 11 N. E. 498; Blass v. Terry, (N. Y.) 50 N. E. 953; Kellogg v. Cook (Wash.) 52 Pac. 233; Mitchell v. Ryan, 3 Oh. St. 377.

MORGAN, C. J.   The issue in this case involves the validity of the deed, under which the plaintiff claims the ownership of 80 acres of land in Pembina county.   Plaintiff  and the defendants are the children and heirs at law of Johanna O'Brien, now deceased, who was the owner of this land, and executed the deed under which the plaintiff claims in December, 1901.   The deed was drawn up by W. J. Burke, an attorney at law, to whom the grantor delivered

it immediately after its execution and acknowledgment, with instructions that he keep the same until her death, and then deliver it to the plaintiff. Subsequently, and in October, 1904, said Burke delivered the deed to Jeremiah O'Brien, plaintiff's brother, upon representations by him to Burke that the grantor was very ill and desired the return of the deed. Prior to the return of the deed, the grantor had made a will in which she devised this land to the plaintiff, subject to money bequests to the defendants, which were made a charge upon the land. The issues made by the pleadings are as to the validity of such deed and its final delivery as a conveyance to Burke. The issues were tried to the court without a jury, who made findings of fact and conclusions of law, to the effect that there had been no delivery of the deed with intent to convey the title to the grantee therein named. Judgment was entered pursuant to such findings, and the plaintiff has appealed, and demands a review of the entire case under section 7229, Rev. Codes 1905. The deed was not produced in court until after the case had been once finally submitted for decision. The contents of the deed were therefore shown by secondary evidence. After the case had been submitted as stated, the defendant asked leave to reopen it, and such leave was granted, and further testimony was produced. At the second hearing the deed was produced by the defendants and was offered in evidence.

From the evidence we are to determine whether the title vested in the plaintiff under the deed; if so, the will thereafter executed was ineffectual for any purpose. The legal principles involved here are not in dispute. It is as to the application of these principles to the facts, and the conclusion to be deduced from the facts, that there is an irreconcilable conflict between the parties. In Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 41 L. R. A. 258, involving an issue similar to this case, the prevailing rule is adopted that whether there is a delivery or not is a question of fact to be found from all the circumstances surrounding the transaction. In that case it was said:. "Unless, therefore, we are able to discover from this record that the grantor absolutely parted with all control over the deed, and intended it to operate as a present conveyance, subject to his life interest, we must adjudge the instrument void for want of delivery. See 2 Jones, Real Prop. 1236. The learned district judge found in favor of an actual delivery, and as he had before

him witnesses on whose testimony his finding is based, we will not disturb it, unless it appears to be clearly erroneous." If the deed is actually or constructively delivered to a third person for the benefit of the grantee, by the grantor, without any conditions or expressed reservations, and with intent that all control over it terminates at such delivery, such delivery effectually places the deed and the title to the land subject to the grantee's control at the grantor's death. In 9 A. & E. Enc. Law (2d Ed.) p. 157, the rule is stated as follows: "A grantor may deliver a deed to a third person to hold until after the grantor's death, and then deliver it to the grantee. Such a delivery is perfectly valid, but the deed must be left with the depositary without a reservation by the grantor, expressed or implied, of the right to retake it, or otherwise control its use."

In Trask v. Trask, 90 Iowa, 318, 57 N. W. 841, 48 Am. St. Rep. 446, the court said: "It is well settled, and may be said to be an established rule, that a deed may be delivered to a third person for the grantee, and, if subsequently assented to by the grantee, it will be as good a delivery as if made directly to the grantee, provided there is no reservation of the right in the grantor to countermand it." See, also, White v. Pollock, 117 Mo. 467, 22 S. W. 1077, 38 Am St. Rep. 671; Bury v. Young, 98 Cal. 446, 33 Pac. 338, 35 Am. St. Rep. 186; Frank v. Frank, 100 Va. 227, 42 S. E. 666; Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wittenbrock v. Cass, 110 Cal. 1, 42 Pac. 300; Wilhoit v. Salmon, 146 Cal. 444, 80 Pac. 705; Hutton v. Cramer, 10 Ariz 110, 85 Pac. 483, 103 Pac. 497; White v. Watts, 118 Iowa, 549, 92 N. W. 660; Ruiz v. Dow, 113 Cal. 490, 45 Pac. 867.

In the case at bar the trial court found that there was no intention to deliver the deed so as to convey title at once, and denied the relief demanded by the plaintiff in his complaint. The question is before us for retrial, and we are called upon to review all the evidence. In other words, this court is to pass upon the question of fact as to whether there was an intention, on the part of the grantor, to relinquish forever control over the deed and the title to the land, under the same rules and under the same evidence as the trial court did. We will now state what the evidence is, as shown by the record. In reference to the deed Burke testified as follows: "I drew the deed from Johanna O'Brien to J. T. O'Brien, this plaintiff, for the land described in the complaint, and I held the deed, and was to hold it

until her death, and deliver it to the plaintiff. I took the deed home with me, and put it in an envelope and sealed it up and put it in my safe. I drew the deed up under instructions from Mrs. O'Brien. The instructions were for me to hold the deed until her death, and then to deliver it to this plaintiff. I made a memorandum at the time of the terms and conditions on which this deed was in my possession. That memorandum was made the day I put the deed in my safe. The deed was drawn a few days before that. The deed was delivered to me immediately after it was drawn. The deed was acknowledged before me as a notary public. Mrs. O'Brien did not ask my advice on any matter in connection with this deed when she asked me to draw it. She told me what she wanted, and I did it. The deed lay in my safe, and I kept it until the fall of 1904. Jeremiah O'Brien came to my place in Bathgate on a Sunday, and said that his mother wanted this deed. He told me that his mother was seriously sick and was about to die, and she had requested him to get the deed. I let him have it; opened the envelope and gave him the deed. I have not seen the deed since, and I have no knowledge of its whereabouts. So far as I know, the signing of the deed was the voluntary act of Mrs. O'Brien. No consideration passed in my presence. In drawing up the deed and keeping it I acted wholly on her request. That was the first time that Mrs. O'Brien had ever sent for me. She sent for me at other times since the drawing of the deed. She told me what she wanted, and I did it. There are some features of the transaction of my drawing the deed which are not very distinct, and there are certain features of it that are distinct. The fact that Mrs. O'Brien wanted me to draw this deed, and wanted to give a deed to her son, and wanted me to keep it, and not deliver it until her death, these facts are well within my recollection. As to the other matters, where I wrote the deed, is not so distinct in my recollection. I would not be positive, for instance, whether it was in Laxdahl's office, or where it was." The memorandum on the envelope in which Burke sealed the deed is as follows:

"This deed from Johanna O'Brien to John T. O'Brien to be held by W. J. Burke until the death of the grantor." Inclosed within the envelope was the following memorandum, on a piece of paper, in Burke's handwriting: "This deed was left with W. J. Burke to be held by him until the death of Johanna O'Brien, the grantor,

at which time it is to be delivered to J. T. O'Brien, grantee. W. J. Burke, December 25, 1901." The evidence also shows what the grantor stated when the will was drawn as to her object or purpose in making a will.

From this evidence it appears that the witness Burke must have thought that the grantor had a right to recall the deed, as he delivered it without objection, or any statement that he had no right to do so. The fact that Mrs. O'Brien made a will thereafter, and expressly devised the land described in the deed, and also thereafter mortgaged the land, certainly shows that she did not think the title beyond her recall. The record does not satisfactorily show the circumstances attending the execution and delivery of the deed to Burke. The language used by the grantor is not given. The evidence as to what occurred is more by way of the conclusions of Burke. The evidence is entirely wanting as to her intent in respect to the right to recall the deed, and as to whether Burke's authority to deliver the deed was absolute and without conditions, except as these matters may be inferred from the very general statements that the deed was to be delivered to the plaintiff upon the grantor's death. Burke's testimony may be entirely true, and still the grantor have reserved the right to recall the deed under some circumstances. It is incumbent upon the plaintiff to show that the deed was delivered without any reservations. The burden is upon him to show title to the land by virtue of the deed, and this he could not do without showing an absolute and unconditional delivery thereof. He is relying for title upon a deed found in the possession of those claiming an interest in the land, under a will executed after the delivery of the deed to Burke, in which the land in suit is devised in a different way than shown by the deed.

In the Arnegaard case the delivery was sustained under facts similar to the case at bar, but in that case there was no recall of the deed, and no attempt to do so, and nothing was done by the grantor to indicate that the delivery was not intended to be absolute. It might be that, if the deed in this case had been in Burke's possession at the grantor's death, the evidence as here given would be held to show an absolute delivery. What transpired subsequently, however, presents an entirely different question. The fact that the deed was surrendered by Burke, together with the fact that the grantor made a will disposing of the same land in a different way than by

the deed, and the fact that such will was drawn by Burke and put in his possession after its due execution, and that it was not suggested by any one that such will would be ineffectual in view of the prior deed, are persuasive of facts that the delivery of the deed could not have been intended to be without reservation of the right to recall under certain circumstances. In regard to the evidence of these subsequent acts, the relevancy and competance thereof are raised by objections. Appellant's claim is that the delivery was irrevocable under Burke's evidence, and that the title had passed from the grantor to the same extent as though the deed had been delivered to the grantee personally, with intent to give him absolute control thereof. The contention of appellant's counsel cannot be successfully disputed if the facts on which he bases such contention are true. In other words, if there was an unconditional delivery with intent to presently convey the title, subsequent acts cannot divest the title from the grantee. In the Arnegaard case that principle is stated, though, perhaps, not an issue in that case.

In Bury v. Young, 98 Cal. 446, 33 Pac. 338, 35 Am. St. Rep 186, the appellant's contention on this question is upheld, but in that case what was decided by the court was based on a finding of the trial court that the grantor intended to, and had actually relinquished all dominion over the deed and title. In the case at bar the court is considering what the intent of the grantor was under all the evidence The trial court made an express finding that the grantor did not intend to pass title to the grantee by the delivery of the deed to Burke, but that she intended the conveyance as a testamentary disposition of the land, and therefore subject to revocation or change. The evidence of Burke alone, unexplained, leaves it doubtful, and to some extent, at least a matter of inference, whether the deed was intended to convey the title from the grantor immediately, or at her death. If it appears that the grantor intended to part with all dominion over the deed and the title to the land, these subsequent acts of the grantor or of the depositary are not competent evidence. In other wards, a grantor, having effectually conveyed the title to another, cannot thereafter impair such conveyance by her subsequent acts or declarations. But if the intent to deliver absolutely is not shown, or if such intent remains in doubt, subsequent acts or conduct of the parties are admissible to show what the intent actually

was at the time that the delivery to the depositary was made. The following cases tend to sustain the principle above stated:

In Hayden v. Collins, Supra, the evidence was substantially the same as in the case at bar. After stating that the grantor must clearly and unequivocally evidence an intent and purpose to part with the possession and control of the deed for all time, the court said: "In short, the delivery and transfer must be irrevocable (citing cases). Such was not the case here.

The lawyer who drew the deed, and who says he held it to be delivered on the death of the grantor, could not remember anything Mrs. Hayden said touching this point so vital to the validity of an escrow. He evidently did not understand that it had been delivered to him beyond any power to recall, for he gave it to the grantor, with other papers in his possession, upon her request, and apparently without protest or question. Mrs. Hayden certainly understood that it was under her control, for she did not recall it, and when last seen it was in her possession." In that case, subsequent acts of the grantor and of the depositary were given effect.

In Dean v. Parker, 88 Cal. 283, 26 Pac. 91, the court said: "The matter to be determined was what was the intention of the plaintiff's father in leaving this deed with the witness, and for the purpose of arriving at this intention, evidence of any declarations made, or conversations had in relation to that subject, by the said John Dean, at that or any subsequent time, could have been competent." Later on, in reference to the same subject, it was said, in the same case: "Any declaration, made by him at the time of the alleged delivery of the deed or at any subsequent time, as to his intention is relevant to this inquiry. The evidence in this record as to what he said during his last illness in giving a reason for not making a will is relevant." This case is cited with approval in Corker v. Corker, 95 Cal. 308, 30 Pac. 541.

In Davis v. Ellis et al., 39 W. Va. 226, 19 S. E. 399, it is stated in the syllabus, in reference to the delivery of a deed: "When the grantor therein places a voluntary deed in the hands of a third person, to be delivered at an indefinite time to the grantee, and before the delivery thereof such person returns such deed to the grantor, who destroys it, the presumption of law is against the delivery of such deed, and in favor of the grantor's right to destroy it, and cannot be overcome unless the grantee shows, by a preponderance of

affirmative evidence, that the grantor, at the time he placed such deed in the hands of such third person, intended absolutely to part with the control and dominion over the same."

In Hale v. Joslin et al., 134 Mass. 310, a deed was placed in the hands of a third person by the grantor under the following statement: "I want you to take it and keep it as long as I live. Say nothing to Brother Calvin or any one else about it, and when I am gone, give it to him." The deed was kept in the possession of said third person until the death of the grantor. Prior to his death, however, the depositary, at the request of the grantor, had prepared a will, which was signed and executed by the grantor, and the grantor expressly revoked all prior wills or deeds in reference to the property involved. The grantor also subsequently stated that the word "deed" as used in the will referred to the deed which had been delivered to such third person, who was the person with whom the conversation was had, and he was expressly requested to hand the deed back to him at some time. In reference to such delivery the court said: "He (grantor) did not intend that the plaintiff should have any present interest in the deed, but intended to keep in himself the dominion and control of it. It was in the hands of Whitney as a depositary for the grantor and not as agent or trustee for the grantee. The act was intended to be in the nature of a testamentary act, which could be revoked at any time. As it was in fact revoked, it is not necessary to consider what effect it would have had if there had been no revocation." See, also, Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. Rep. 213.

In view of these authorities, and the undecisive testimony of the person with whom the deed was left in reference to the grantor's intention, we think the finding of the trial court that the deed was not delivered with intent to forthwith convey the title to the grantee is in accordance with the evidence, and the same is affirmed by this court upon a careful review of such evidence. As the deed was not intended to become immediately operative, and the same having been recalled by the grantor, it becomes unnecessary to determine whether the record shows an acceptance of the deed by the grantee.

Judgement affirmed. All concur.