EBENEZER MAGOFFIN, as Administrator of the Estate of Nellie A. Maxwell, Deceased, Appellant, v. VERA N. WATROS, a Minor, by T. L. Brouillard, her Guardian ad Litem, Respondent.

(178 N. W. 134.)

**Deeds — whether grantor depositing deeds with scrivener, intended to part with control, held a question of intent.**

    1. Where deeds are executed and left with a scrivener, accompanied with the statement that the grantor wanted the same recorded, if anything happened to her, the question of a constructive delivery thereof to the grantee

NOTE.—On delivery of deed to third person or record by grantor, as a delivery to the grantee, see notes in 54 L.R.A. 865; 9 L.R.A.(N.S.) 224; and 38 L.R.A. (N.S.) 841.

named is a question of fact, to be determined from the evidence whether the grantor deposited such deeds with a stranger and with intent to part with all control and dominion thereover.

**Deeds — grantee asserting title held to have burden of proving constructive delivery.**

2. The burden is upon the grantee, asserting the title, to prove such constructive delivery, and upon failure so to establish, by proof, the deeds will be adjudged invalid for want of delivery.

**Executors and administrators — administrator may sue to determine adverse claims.**

3. The administrator, as the representative of the estate of the deceased, has authority to maintain an action to determine adverse claims concerning the possession, the interest, or the title of the estate therein.

Opinion filed May 20, 1920.

Action to determine adverse claims, in District Court, Dickey County, *Graham*, J.

The plaintiff has appealed from the judgment rendered quieting title, in part of the lands, in the estate, and, in another part, in the defendant, and has demanded a trial *de novo*.

Affirmed in part and reversed in part.

Statement by Bronson, J. This is an action to determine adverse claims. The plaintiff is the administrator of the estate of Nellie A. Maxwell, deceased. The defendant is the infant daughter of the deceased.

On November 19th, 1914, the mother executed two warranty deeds, her daughter being named therein as grantee. The only testimony concerning the execution and the delivery of such deeds is in the form of an affidavit, stipulated into the record by the parties. It reads as follows:

"G. L. Strobeck being first duly sworn on his oath says that he is a citizens of the United States and over the age of twenty one years. That on the 19th day of November A. D. 1914, Nellie A. Watros, being the same person above named as Nellie A. Maxwell, deceased came into my bank at Cogswell, Sargent county, North Dakota, and requested me to draw two deeds, one for the north half of section nine township, 130 north of range 56 West Sargent county North Dakota, the other for lots

1, 2, 3, 4 of block six of Campbell's addition to the village of Cogswell, in said county, which I then and there did, and at her request named as grantee in each of said deeds her daughter, Vera N. Watros; she telling me at the time and occasionally thereafter that if anything should happen to her that she wanted the deeds recorded. Said deeds remained in the files of the Cogswell State Bank of Cogswell, North Dakota, from aforesaid drawing until after her death. Then they were delivered to the administrator of her estate."

On September 24, 1918, the mother executed two other warranty deeds with the daughter named as grantee therein. The only testimony concerning the execution and the delivery of such deeds is likewise in the form of an affidavit, stipulated by the parties into the record. It reads as follows:

"F. B. Dille, being first duly sworn on his oath, says that he is a citizen of the United States and over the age of twenty-one years. That on the 24th day of September A. D. 1918, Nellie A. Maxwell, formerly Nellie A. Watros, came to my bank at Monango, North Dakota, and requested me to draw for her two deeds conveying to her daughter, Vera N. Watros, the northwest quarter and the southwest quarter of section 5 in twp. 131 north of range 63 west, in Dickey county, North Dakota, which I then did then and there and at her request. She at that time left said deeds with me without any instructions at all as to their disposition. Said deeds remained in the files of the Farmers & Merchants State Bank of Monango, North Dakota, from aforesaid drawing until after her death. Then they were delivered to the administrator of her estate."

It was further stipulated between the parties that no consideration was ever given by the grantee or anyone else for such deeds; that the daughter never had any knowledge of the existence of such deeds until after the death of her mother; that the mother was the owner and in possession of the real property described therein; that the daughter never was in actual possession of any such real property, never received any rents or profits therefrom, and never paid any taxes thereon. The record facts accordingly are entirely stipulated; they are not in dispute. The trial court, upon findings, rendered judgment decreeing the estate of the mother to be the owner of the two quarter sections of land situated. in Dickey county, and the daughter to be the owner of the half section

of land in Sargent county and the four lots in the village of Cogswell.

At first the plaintiff appealed from that part of the judgment decreeing ownership of the lands in the daughter. Thereafter an appeal was perfected from the entire judgment and the same has now been submitted to this court upon the appeal from the entire judgment. The plaintiff has demanded a trial anew in this court. The sole question involved is whether there was a delivery of the deeds so executed. The trial court has found that there was a delivery of the deeds executed in 1914, but no delivery of the deeds executed in 1918.

*Benjamin Porter,* and *W. S. Lauder,* for appellant.

Where a deed is found in the possession of the grantor, the presumption is, in the absence of evidence to the contrary, that it has not been delivered. 13 Cyc. 733; Shetler v. Stewart, 133 Iowa, 320, 170 N. W. 310; 110 N. W. 582; Wilenou v. Handlon, 208 Ill. 104, 69 N. E. 892.

When a deed unrecorded, is found in the possession of a defendant grantor, the burden of proof is on the plaintiff claiming title under such deed to show a delivery. 13 Cyc. 730; Devaney v. Koyne, 54 Mich. 116, 19 N. W. 772; Tyler v. Hall, 106 Mo. 313, 27 Am. St. Rep. 338, 17 S. W. 319.

*T. L. Brouillard,* for respondent.

BRONSON J. (after stating the facts as above). The question of the delivery of the deeds is a question of intention. Devlin, Deeds, 3d ed. §§ 262, 308; O'Brien v. O'Brien, 19 N. D. 713, 715; 125 N. W. 307; Hudson v. Hudson, 287 Ill. 286, 122 N. E. 500. This is a question mainly of fact. Devlin, Deeds, §§ 262, 308; O'Brien v. O'Brien, 19 N. D. 713, 125 N. W. 307. The legal principles applicable are not seriously in dispute. It has been held by this court that a deed delivered to a third person to be delivered after the grantor's death, operates as a valid delivery and present transfer of title, if made with the intent that all control and dominion thereover terminates at the time of such delivery. O'Brien v. O'Brien, 19 N. D. 713, 716, 125 N. W. 307; Arnegaard v. Arnegaard, 7 N. D. 475, 495, 41 L.R.A. 258, 75 N. W. 797. See 18 C. J. 208.

Section 5500, Comp. Laws 1913 (so far as applicable) provides that, though a grant is not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered when it is de-

livered to a stranger for the benefit of a grantee, and his assent is shown or may be presumed.

The facts in this record are indeed meager. The record fails to disclose the relationship of the depositaries. Strobeck and Dille, either to the deceased or to the daughter. Whether such persons were agents of the deceased, agents of the daughter, or strangers, must be left entirely to inferences and presumption. There is no proof nor contention that the depositaries were the agents of the daughter, and no contention accordingly is made that actual delivery was in fact made to the daughter or her agents. If the depositaries were agents of the deceased, there was no constructive delivery by reason of the absence of proof of any agreement of the parties therefor, pursuant to subdivision 1, § 5500, Comp. Laws 1913.

Accordingly, if there exists any delivery in law, it must exist by reason of a constructive delivery made to the depositaries as strangers, or third parties, pursuant to § 5500, Comp. Laws 1913, above quoted. It is the contention of the respondent daughter, concerning the 1914 deeds, that there is disclosed an intent to make delivery based upon the authority of Arnegaard v. Arnegaard, 7 N. D. 475, 41 L.R.A. 258, 75 N. W. 797; Bury v. Young, 98 Cal. 446, 35 Am. St. Rep. 186, 33 Pac. 338; and Cooper v. Cooper, 162 Mich. 304, 127 N. W. 266.

In Arnegaard v. Arnegaard, supra, the motive and intention of the grantor were more clearly shown. In that case the scrivener, the cashier of the bank, testified that the grantor stated that he desired his boys to have the property and he wished to deed it to them; that the grantor said he did not know anything about wills but that he did know something about deeds and mortgages and he preferred to have it deeded; that he delivered the deeds over to the cashier, requesting him to take them and hold them, and in case of the grantor's death to put them on record; and he requested the cashier to say nothing to anybody, about his having deeded this property. Furthermore in this case the trial court made a finding (not in trying the case anew under the Newman Act), held finding in favor of actual delivery and this court, upon reviewing such that it would not disturb the same unless it appeared to be clearly erroneous. Accordingly the finding of actual delivery was upheld. Likewise in Bury v. Young, supra, the deed was executed from father to daughter and was given to one Hazen, an attorney, with instructions

not to record it but to deliver it to the grantees upon his death. The trial court made a finding that the grantor delivered such deed to Hazen for the grantees and instructed him to hold the same for such grantees without recording until the grantor's death, and thereupon to deliver the same to the grantee; that such grantor parted with all dominion over the deed and reserved no right to recall it or alter its provisions or to have or enjoy any other interest in the premises than to hold the use of it until his death. The appellate court held that these facts as stated, and found, in the findings constituted a valid delivery of the deed.

In Cooper v. Cooper, supra, the grantor executed deeds to his sons and placed them in a sealed envelope, indorsed with the names of the grantees. On his way home from the scrivener he left this envelope with a friend and said: "Keep these papers until the boys call for them." Subsequently, he committed suicide. The sheriff found and delivered a letter addressed to this friend which said: "I wish you would take these papers and have them recorded immediately; by so doing you will greatly oblige." The friend, as requested caused the deeds to be recorded. It was held that these circumstances sufficiently showed an intent to convey a present irrevocable interest to the grantees.

These cases relied upon by the respondent can be distinguished from the record facts in this case, as may be noted from the statement of facts made concerning the same.

In O'Brien v. O'Brien, supra, one Burke drew a deed for the mother naming her son as grantee therein. He received instructions from the mother to hold the deed until her death and then deliver it to the son. He testified that he made a memorandum at the time and this memorandum stated;" This deed was left with W. J. Burke to be held by him until the death of Johanna O'Brien, grantor, at which time it is to be delivered to J. T. O'Brien, the grantee." Thereafter Jeremiah O'Brien came to Burke stating that his mother was sick and about to die and that she had requested him to get the deed. The deed was so given. This court held:

"The record does not satisfactorily show the circumstances attending the execution and delivery of the deed to Burke. The language used by the grantor is not given. The evidence as to what occurred is more by way of the conclusions of Burke. The evidence is entirely wanting as to her intent in respect to the right to recall the deed, and as to whether

Burke's authority to deliver the deed was absolute and without conditions, except as these matters may be inferred from the very general statements that the deed was to be delivered to the plaintiff upon the grantor's death. Burke's testimony may be entirely true, and still the grantor have reserved the right to recall the deed under some circumstances. It is incumbent upon the plaintiff to show that the deed was delivered without any reservations. The burden is upon him to show title to the land by virtue of the deed, and this he could not do without showing an absolute and unconditional delivery thereof."

Similarly, in this case, it was incumbent upon the respondent daughter, asserting title, to show that the deeds were constructively delivered, with an intent to part with the dominion and control over the same. It was further necessary to accomplish such constructive delivery to show that the deeds were deposited with a stranger, or, such facts and circumstances from which it might be inferred that the depositary was a stranger. Clearly, the deeds deposited with Dille, in 1918, without instructions, were not constructively delivered to the grantee. We are unable to find and hold upon this record that the deeds left in 1914 with Strobeck, with the grantor's statement that she wanted the deeds recorded if anything should happen to her, operated to constructively deliver such deeds to the grantee as a deposit with a stranger and with the intent to part with all control and dominion thereover.

Upon the oral argument, the question of the right of the administrator to maintain this action was raised through a member of this court. We are entirely satisfied that an administrator may maintain an action to determine adverse claims under the law and procedure of this state. An administrator in this state is entitled to the possession of all the property of the deceased excepting the homestead and other exempt property. Comp. Laws 1913, § 8707. He may sell and convey the real estate, under certain circumstances. Comp. Laws 1913, §§ 8767–8779. The heirs in this state, during the course of administration, do not have the sole control, nor the right of possession of the real estate of the deceased. Honsinger v. Stewart, 34 N. D. 513, 518, 159 N. W. 12. Furthermore, the administrator is expressly authorized by statute to maintain an action to recover any property, real or personal, or for the possession thereof. Comp. Laws 1913, § 8798. The fact that § 8797, Comp. Laws 1913, permits the heirs themselves, or jointly with the

administrator, to maintain an action to quiet title, does not deny the right alone to the administrator so to do. Assuredly, where the possession or determination of the title to the real estate of the deceased is necessary for purposes of administration, the administrator, as representative of the estate, possesses an interest sufficient to entitle him to maintain an action to determine adverse claims. See Comp. Laws 1913, § 8144; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Druey v. Baldwin, 41 N. D. 473, 172 N. W. 665, 182 N. W. 700; Honsinger v. Stewart, supra; Berry v. Howard, 26 S. D. 29, 127 N. W. 526. See note in Ann. Cas. 1913A, 996.

The judgment of the trial court should provide for the quieting of title in the lands involved in the heirs at law of the deceased, and in the administrator for purposes of administration. Druey v. Baldwin, 41 N. D. 473, 172 N. W. 665, 182 N. W. 700.

It is ordered that judgment be entered declaring the deeds involved void and quieting title in the lands concerned in the heirs at law of the deceased, and in the administrator of the estate for purposes of administration. Neither party shall recover any costs on this appeal.

CHRISTIANSON, Ch. J. and BIRDZELL and GRACE, JJ. concur.

ROBINSON, J. (concurring in part). This is a second appeal by the administrator. He brings suit as administrator of Nellie Maxwell, deceased, mother of the defendant. The purpose of the action is to quiet title to certain land in Dickey county and in Sargent county, which defendant claims under a deed from her mother. On stipulation made by counsel, showing clearly that the deed had not been delivered, the court gave judgment thus:— That the estate of Nellie Maxwell is the owner of the land in Dickey county, and that the defendant has no estate or interest in the same. That defendant is the owner of the estate in Sargent county and that her title be quieted and confirmed. The administrator appealed from the latter part of the judgment, and the appeal was dismissed on the ground that it could not be taken from a part of the judgment. Then the administrator appealed from the whole judgment and the case comes to this court for a new trial.

Though the point is not made by counsel for defendant, it does appear that she is the daughter and the heir of her deceased mother and

it does not appear that there are any other heirs or any claims against the estate, or that this action has any purpose, except to make costs and attorneys' fees.

So far as the record shows the plaintiff is the sole heir of her mother, and there are no claims against the estate. On the record there is no showing of any occasion for the administrator to bring this action, unless it be to exploit the estate. If there be other heirs, they have a right to settle any question of difference or adverse claims between themselves. It is of no concern to the administrator. That is plain common sense, and it is plainly shown by the words of the statute:—

Section 8797. The heirs may themselves, or jointly with the executor or administrator, maintain an action to quiet title to real property.

Section 8798. Except as otherwise prescribed in the next (preceding) section, all actions pertaining to the estate of the deceased may be maintained by and against executors and administrators.

Section 7899. No action for the recovery of money only shall be brought in any of the courts of this state against any executor or administrator or guardian upon any claim or demand which may be presented to the county court, except as provided in this chapter.

This last section is quoted to show that its purpose is merely to limit the bringing of actions against executors and administrators—actions for the recovery of money only—and it does not relate to actions by administrators, nor actions to quiet titles. It is not the next section to which reference is made by § 8798. By that section the administrator is given plenary power to maintain all actions against the estate, except as prescribed in the next preceding section. Surely the courts may not disregard or annul that exception which is based on plain words, reason, and good sense. In the opinion to the contrary reference is made to Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029. But that case is not in point, because it was by Robert Blakemore, executor, and by Laura B. Kedney, who was the wife of the deceased. Here there is no claim that the plaintiff is an heir of the deceased. There is no showing that as administrator, or otherwise, he has the least interest in the subject of the action. The the judgment from which the appeal is taken declares that the *estate of Nellie Maxwell* is the owner of the land in Dickey county and that the defendant has no estate or interest in the same. Now, on any theory of the case, that is manifestly erroneous.

The estate of Nellie Maxwell is not a personal entity; it is neither a corporation nor a person; it is not a party to this action and it cannot recover any judgment. If the deed to the defendant is void for want of delivery, it does not change the conceded fact that she is the daughter and the heir of her deceased mother, who died intestate, and as such heir defendant must have an interest in the estate.

The appeal presents no merits. It should be dismissed, without costs, in the same manner as the prior appeal was dismissed. But, if a majority of the court desire to pass on the merits of the case, the judgment against the defendant should be only that the deed made to her is void for want of delivery. It should not go further and declare that she has no title or interest in the property, and it should be without costs.