GRANT SMITH, Administrator of the Estate of Herbert Winifield Borst, Deceased, Appellant, v. O. P. FLADELAND, Respondent.

(214 N. W. 42.)

**Quieting title — unauthorized changing deed — title quieted in heirs — administrators.**

1. In an action by the plaintiff as administrator of the estate of Herbert Winifield Borst, deceased, to determine adverse claims to certain real property it is held that the title to such property must be quieted in the heirs at law of the decedent, and in the administrator for purposes of administration, upon payment to the defendant of such sum, if any, as may be found due to him for money paid on account of the purchase price and for taxes and improvements, after charging the reasonable value of the use and occupation of the property and the rentals collected therefor, while the same was in the possession of the defendant.

---

Annotation.— (1) As to right of administrator to bring action to quiet title in heirs, see 11 R. C. L. 276.

55 N. Dak.—28.

**Case remanded.**

    2. For reasons stated in the opinion, the case is remanded for a determination as to the amount, if any, due to the defendant from the plaintiff.

Opinion filed June 1, 1927.

Appeal and Error, 4 C. J. § 3234 p. 1195 n. 87.   Quieting Title, 32 Cyc. p. 1317 n. 73; p. 1381 n. 96; p. 1382 n. 97 New, 2; p. 1383 n. 9, 17.

Appeal from the District Court of Mountrail County, *Lowe, J.*
Reversed and remanded with directions.

*R. E. Swendseid,* for appellant.

*C. N. Cotlingham,* for respondent.

Upon an appeal to the supreme court of an equity case tried to the court below, the presumption is in favor of the trial court, and such findings will not be disturbed unless they are plainly, flagrantly or indisputably against the evidence.   2 R. C. L. 203; 4 C. J. 775.

NUESSLE, J.   This action is brought by the plaintiff Grant Smith, administrator of the Estate of Herbert Winifield Borst, deceased, to quiet title to certain lots in the city of Stanley.

It appears that in September, 1920, Borst bought the real estate in question, a residence property in the city of Stanley, from Lillian G. Warren.   The purchase was made on contract.   The price agreed to be paid was $600.   A portion of the purchase price was paid at the time and the remainder was to be paid in installments of $25 per month. Borst went into possession and the payments as required were made until May, 1921.   In August, 1921, Borst died.   He left a widow and several children.   At the time of his death there remained unpaid on the contract $110.   Mrs. Warren lived in California.   At the time she executed the contract of sale to the real property in question she also executed a deed to the property naming Borst as grantee therein.   A. J. Ross of Stanley, the president of the Citizens State Bank at that place, was her agent.   She sent the papers to him and directed that the payments be made at the bank, which was done so far as they were made. Ross retained the deed.   After Borst's death Mrs. Borst was appointed administratrix of his estate.   She was in straightened financial circumstances and was unable to complete the payments on the contract.   She

had some correspondence with Mrs. Warren, either directly or through Ross, and it was agreed that the rents from the property should be applied on the contract as they were collected. Mrs. Borst rented the property and in this way $30 was paid to the bank to be applied on the contract. In the meantime Ross was pressing for the payment of the balance. He finally wrote and said that unless the contract was satisfied he was directed to foreclose it. The defendant Fladeland is Mrs. Borst's father. Some negotiations were had between Mrs. Borst and the defendant regarding his taking over the property. Finally, Mrs. Borst wrote him saying, among other things, "But if you don't care to trade I will give you what we have put into it if you care for the place or move back there, but it sure takes more for living there, or did rather." There were no further dealings between them but Fladeland took the matter up with Ross. Ross told him that there remained due and unpaid on the contract $250.00. This Fladeland paid and Ross erased Borst's name as grantee in the deed, inserted Fladeland's and delivered the instrument to him. Neither Mrs. Warren nor Mrs. Borst knew of this erasure and insertion and neither consented thereto. Fladeland did not know of it either. Fladeland then went into possession. The taxes were then in arrears and Fladeland paid $98.87 back taxes. Subsequently he paid other taxes as they fell due. Thereafter he either occupied the premises himself or leased them. Mrs. Warren testifies that after Borst's death she had some correspondence with Mrs. Borst, as well as with Ross, regarding the matter; that she agreed to compromise the payments and to accept $60 in full satisfaction of the contract. This amount and no more Ross paid to her. She had no knowledge that Ross had dealt with Fladeland or had given him a deed. Subsequently Mrs. Borst remarried and the plaintiff Smith was appointed administrator of Borst's estate. He brings this action to quiet title claiming that at the time of Borst's death the equitable title was in Borst; that his heirs at law are still the owners of such title, and that anything that may have been done by Ross or Fladeland with respect to the satisfaction of the contract and the taking of a deed in Fladeland's name was ineffective to divest them of their interest in the property.

The cause was tried to the court. The court made findings of fact and conclusions of law favorable to the defendant. Judgment was en-

tered accordingly. The appellant now brings the case to this court on appeal from the judgment and asks for a trial de novo.

"We have carefully considered the brief record presented to us and are of the opinion that the judgment as entered cannot be sustained. It does not appear that Mrs. Borst had any authority to dispose of the equity in this property. In any event, what was said and done between her and Fladeland was of the most informal character and cannot amount to a transfer of any interest in the property. It further appears that Ross had no authority to erase Borst's name as grantee in the deed and insert Fladeland's. So title to the premises should be quieted in the heirs at law of the deceased and in the administrator for purposes of administration. See Magoffin v. Watros, 45 N. D. 406, 178 N. W. 134. It is clear, however, that Fladeland acted in good faith in the matter, and in accordance with equitable principles he is entitled to be reimbursed for any expenditures that he may have made, either in discharge of the amount due under the contract, in payment of taxes or in making improvements upon the property. It is clear that the amount remaining unpaid on the property at the time of Borst's death was only $110 and thereafter Mrs. Borst paid $30 through rentals, so the amount required to be paid to satisfy the contract was only $80. Fladeland is entitled to a credit for this amount only, regardless of what his payments to Ross may have been. It appears further that he then paid delinquent taxes of $98.97 and has since paid taxes as they fell due and that he made some improvements to the property. He is entitled to credit for these items as they may appear. On the other hand he must be charged with the reasonable value of the use and occupation of the premises while he occupied the same himself and with the rentals collected while the property was in the possession of his tenants. However, it is impossible to determine the amounts of these credits and charges from the record. So the case must be remanded for retrial in order to determine the amounts of these several items. See Hassen v. Salem, 48 N. D. 592, 185 N. W. 969.

It is therefore ordered that the case be remanded for a re-trial upon these questions, and they having been determined, that judgment be entered quieting title to the premises involved in the heirs at law of the deceased Borst, and in the administrator of his estate for purposes of administration, conditioned, however, upon the administrator paying

to defendant Fladeland such sum, if any, as may be found due to him after a re-trial has been had as hereinbefore directed. The appellant will have his costs on this appeal.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, BURR, JJ., concur.